# State of Vermont v. Michael Bristol

[618 A.2d 1290]

No. 91-314

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed August 21, 1992

Motion for Reargument Denied November 18, 1992

*Jeffrey L. Amestoy*, Attorney General, and *Phillip J. Cykon*, Assistant Attorney General, Montpelier, for Plaintiff-Appellant.

*Nicholas L. Hadden*, St. Albans, for Defendant-Appellee.

**Johnson, J.** The State appeals a superior court order granting petitioner post-conviction relief in the form of a new trial because he was denied effective assistance of counsel during the plea bargaining phase of his trial for second-degree and felony murder. We reverse and remand.

In 1980, petitioner was charged by information with two counts of first-degree murder and two counts of felony murder in connection with the shootings of the Vances, an elderly brother and sister, at their Danville farm. After dismissing the information because defense counsel, Edwards O'Boyle, successfully suppressed petitioner's confession, the State granted immunity to one juvenile accomplice and plea bargained with another in exchange for testimony against petitioner. A grand jury subsequently indicted petitioner for the first-degree murder of Marguerite Vance and the felony murder of Levi Vance.

In 1981, a jury convicted petitioner of both charges, and he was sentenced to concurrent terms of twenty-five years to life

imprisonment. This Court affirmed the convictions in 1983. *State v. Bristol*, 143 Vt. 245, 465 A.2d 278 (1983). In 1988, petitioner filed a petition for post-conviction relief, claiming that assigned counsel "failed to inform [him] and his guardian ad litem of a plea bargain offer of a zero to ten year sentence." In 1991, after a hearing, the Rutland Superior Court ruled that petitioner was denied effective assistance of counsel because Mr. O'Boyle failed to forcefully pursue the plea bargain opportunity with the State.

In the court's view, O'Boyle failed to communicate the plea offer "in a clear manner," even though he related it to petitioner in the presence of his mother (who was also his guardian ad litem) and his school guidance counselor, and also sent a certified letter to petitioner detailing the offer's provisions. The court also found that although O'Boyle recommended that petitioner "carefully consider" the offer, he "never urged [petitioner] to reconsider that decision nor did he initiate further discussions concerning it." To the court, O'Boyle's actions were "clearly irresponsible" because petitioner was entitled to more advice than a mere recommendation to "seriously consider" the State's offer. Two additional factors influenced the court's conclusion: (1) the "confusion in the manner in which Mr. O'Boyle communicated the State's offer to the Defendant," and (2) O'Boyle's subsequent convictions for embezzlement and forgery and resulting disbarment, which reflected "strongly and adversely upon his sense of loyalty to his clients."

The State claims four errors: (1) several of the superior court's findings are clearly erroneous; (2) defense counsel's representation of petitioner at the plea bargaining stage did not constitute ineffective assistance of counsel; (3) a new trial should not have been ordered even if counsel's representation was ineffective at the plea bargaining stage because petitioner received a fair trial; and (4) the assistant judge should have signed the findings, opinion and order. Our disposition of the first two issues resolves this case.

There was no error in the findings of fact. The findings in a post-conviction relief decision are tested by the clearly erroneous standard. *In re Fadden*, 148 Vt. 116, 119, 530 A.2d 560, 562 (1987). The findings will not be disturbed if they are supported by any credible evidence, and even when the evidence is

conflicting, this Court will defer to the trial court's judgment. *Id.* After a review of the record, we find that our disagreement is not with the court's findings, which were supported by credible evidence, but with the conclusion drawn from them.

We conclude that petitioner was not entitled to post-conviction relief on the ground of ineffective assistance of counsel. Post-conviction relief is a limited remedy. See 13 V.S.A. § 7131. In order to obtain it, a petitioner is required to establish, by a preponderance of the evidence, that fundamental errors rendered his conviction defective. *In re Liberty*, 154 Vt. 643, 644, 572 A.2d 1381, 1382 (1990). Petitioner has failed to meet this burden.

When the fundamental error claimed is ineffective assistance of counsel, the petitioner must first show that counsel's performance fell below an objective standard of reasonableness informed by prevailing professional norms. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984); see *In re Pernicka*, 147 Vt. 180, 182–83, 513 A.2d 616, 618 (1986). Having met that burden, the petitioner must then show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *Pernicka*, 147 Vt. at 184, 513 A.2d at 618. Therefore, even a professionally unreasonable error by counsel does not warrant setting aside a criminal judgment if the error did not affect the judgment. *Strickland*, 466 U.S. at 691–92. This Court, then, must discern whether, despite the strong presumption of reliability, the result of a particular proceeding is unreliable because ineffective counsel caused a breakdown in the adversary process. *Id.* at 696.

Because the plea bargain stage is critical to a criminal proceeding, fundamental attorney error at that stage may invalidate a conviction. *State v. Kraus*, 397 N.W.2d 671, 673 (Iowa 1986). Courts agree that the right to counsel is violated when defense counsel fails to inform a defendant of a plea offer or when counsel's incompetence results in a decision by a defendant to proceed to trial rather than plead guilty. *Lewandowski v. Makel*, 754 F. Supp. 1142, 1147 (W.D. Mich. 1990); *Barentine v. United States*, 728 F. Supp. 1241, 1251 (W.D.N.C. 1990); *Lyles v. State*, 178 Ind. App. 398, 402, 382 N.E.2d 991, 993 (1978).

Defense counsel has a duty to communicate to a client not only the terms of a plea bargain offer, but also its relative merits compared to the client's chances of success at trial. *Commonwealth v. Copeland*, 381 Pa. Super. 382, 394–95, 554 A.2d 54, 60 (1988). In so doing, defense counsel must involve the defendant in the process of deciding whether to accept or reject the proffered agreement. *Johnson v. Duckworth*, 793 F.2d 898, 902 (7th Cir.), *cert. denied*, 479 U.S. 937 (1986).

Here, the error claimed by petitioner and found by the court was not a failure to inform, but a failure to aggressively pursue a plea bargain with petitioner after the latter rejected it. Petitioner, however, cites no cases supporting his contention that an attorney who fails to persuade a client to accept a plea agreement violates the *Strickland* standard of reasonable attorney competence. Although courts have found ineffective assistance of counsel when attorneys told defendants of plea bargains in an inadequate manner, the facts of those cases show that the defense attorney either counseled the defendant not to accept a favorable plea bargain offer from the State, or, during plea negotiations, gave the defendant false information. See, e.g., *Turner v. Tennessee*, 858 F.2d 1201, 1205–07 (6th Cir. 1988); *Lewandowski*, 754 F. Supp. at 1147; *Kraus*, 397 N.W.2d at 673.

■■■ Applying the *Strickland* standard to the facts of this case, we cannot conclude that Mr. O'Boyle's conduct fell below the prevailing standard of a reasonably competent attorney. William Sessions, considered by the lower court to represent the highest standards of the bar in the defense of criminal cases, testified only that he would have been more forceful in pursuing the plea bargain offer. James Carroll, another expert in criminal law, testified that "I think maybe [O'Boyle] could have been more aggressive. I don't know." Despite Mr. Sessions's testimony, a trial attorney is not required to demonstrate the highest level of expertise to effectively represent a client. The trial court correctly characterized Mr. Carroll's testimony as "at best, equivocal." The testimony of petitioner's two experts was insufficient, as a matter of law, to carry his burden.

■■■ Moreover, the evidence did not demonstrate that Mr. O'Boyle's conduct prejudiced petitioner's case. It is by no

means clear at this late date that the trial court would have accepted the plea bargain. See *State v. Hunt*, 145 Vt. 34, 42, 485 A.2d 109, 113 (1984) (trial court is not bound to accept a plea agreement).

Consequently, the superior court erred in concluding that petitioner was denied effective assistance of counsel. This result is unaffected by Mr. O'Boyle's criminal convictions and disbarment because they occurred after and are unrelated to this case. Therefore, they are irrelevant to the question of whether he effectively represented petitioner. Having concluded that petitioner was not denied effective assistance of counsel, we need not consider the remaining issues presented by the State.

*Reversed and remanded for reinstatement of petitioner's conviction and sentence.*