## In re Ronald HEMINGWAY

[716 A.2d 806]

No. 96-565

June 5, 1998. Defendant appeals from a decision of the Franklin Superior Court denying his petition for post-conviction relief, which alleged (1) petitioner was denied due process when the district court accepted his plea of nolo contendere without further assessing his mental competency, and (2) ineffective assistance of counsel. We affirm.

On June 9, 1993, petitioner was arraigned on multiple criminal charges: one count of simple assault, two counts of felony kidnapping, one count of violating a relief from abuse order, one count of violating the conditions of his release, and four counts of violating the conditions of his probation. With assistance of court-assigned public defense counsel, petitioner pled not guilty to the charges of violating his probation, but exercised his right to delay for twenty-four hours entering pleas on the other charges. During the hearing, both of petitioner's lawyers observed that he appeared emotional, depressed, and suicidal, and out of concern for his safety, requested the court to order a mental health evaluation. The court granted the request. An evaluator with Franklin-Grand Isle Mental Health Services conducted a mental health evaluation and suggested that petitioner be placed on suicide watch.

Petitioner appeared in court the next day to enter not guilty pleas to all remaining charges. Petitioner's counsel also requested the court to order an examination of petitioner's competency to stand trial. The court granted the request and subsequently appointed Dr. William Woodruff to conduct the exam. Dr. Woodruff evaluated petitioner on June 14 and concluded he was competent to stand trial.

At a hearing on June 16, 1993, both petitioner and his counsel represented to the court their belief that petitioner was competent to stand trial, and indicated their concurrence with Dr. Woodruff's finding to that effect. Petitioner was then arraigned on two additional charges for obstruction of justice, to which he pled not guilty. No further competency evaluations were requested by the defense.

Petitioner then reached an agreement with the State in which he agreed to change his not guilty pleas to nolo contendere on the charges of kidnapping, obstruction of justice, burglary, violation of conditions of release, unlawful mischief and violation of probation. In return, the State agreed to dismiss the second charge of kidnapping, violation of relief from abuse order, and simple assault. The State also agreed not to pursue other possible charges.

On June 18, 1993, petitioner appeared before the district court for a change of plea hearing. Dr. Woodruff's report, stating that petitioner was competent to stand trial, was read into the record, and defense counsel again agreed with Dr. Woodruff's finding. After engaging in a lengthy colloquy with the petitioner in which the court asked and considered petitioner's answers to a series of questions and advised petitioner of his constitutional rights, the court accepted petitioner's pleas pursuant to the agreement.

In 1995, petitioner filed for post-conviction relief claiming that (1) the district court denied him due process by accepting his nolo pleas without sufficiently resolving whether he was competent to enter the pleas, and (2) he was denied effective assistance of counsel. The supe-

rior court found both of petitioner's claims to be without merit. According to the court, "the district court had ample reason to believe that any earlier doubts regarding petitioner's competency had been adequately resolved prior to his plea and sentencing." The court also found that petitioner had failed to establish any deficiency in the representation provided by his attorneys.

Petitioner appeals, reiterating essentially the same two arguments he advanced in his petition for post-conviction relief; namely, that his mental competency was inadequately addressed, and that his counsel had been ineffective.* We

---

*Petitioner also argues that the district court accepted his nolo pleas without establishing on the record petitioner's knowing, intelligent, and voluntary waiver of his constitutional rights. Having not raised the issue below, he asks us to review for plain error. Error is plain when it is "so grave and serious as to strike to the very heart of defendant's constitutional rights or adversely affect the fair administration of justice." *State v. Bradley*, 164 Vt. 346, 348, 670 A.2d 811, 813 (1995). We find none here.

Before a court may accept a nolo plea, the record must show that it is voluntarily made and that defendant knows and understands the full array of legal consequences that attach to his plea. See *In re Moulton*, 158 Vt. 580, 583, 613 A.2d 705, 707-08 (1992). Petitioner argues he entered his plea without sufficient understanding of the charges and evidence against him. He also says the pleas were not voluntary because he told the court he had wanted to present an insanity defense at trial. A review of the June 18, 1993 change of plea hearing shows that adequate information on the charges and the evidence was presented to the petitioner, that he indicated his understanding of same, and that his choice to forego trial was voluntary. See *State v. Ploof*, 162 Vt. 560, 563, 649 A.2d 774, 776 (1994) (no plain error found where clear and adequate information about nature of offense

find no error in the superior court's denial of post-conviction relief and thus affirm.

Post-conviction relief under 13 V.S.A. §§ 7131-7137 will be granted when a petitioner establishes by a preponderance of the evidence that one or more fundamental errors rendered his conviction defective. See *State v. Bristol*, 159 Vt. 334, 337, 618 A.2d 1290, 1291 (1992). Post-conviction relief is available when fundamental error is found in a court's acceptance of a plea of guilty or nolo contendere. See *In re Bentley*, 144 Vt. 404, 410, 477 A.2d 980, 983 (1984). On appeal, we will not disturb the superior court's findings unless they are clearly erroneous. See *Bristol*, 159 Vt. at 336, 618 A.2d at 1291.

Petitioner's first argument, that the district court denied him due process by inadequately addressing his competency to enter a guilty plea, is without merit. Due process requires that a criminal defendant be mentally competent in order to be tried or permitted to plead guilty. See *Godinez v. Moran*, 509 U.S. 389, 396 (1993). The test for competency is whether, at the time of entering his plea, the defendant had "'sufficient present ability to consult with his lawyer with a reasonable degree of rational under-. standing'" and had "'a rational as well as factual understanding of the proceedings against him.'" *Id.* (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)). To safeguard these principles, Vermont statute provides that a defendant, his counsel, or other party may raise before the court the issue of defendant's competency to stand trial. See 13 V.S.A. § 4817(b). When the issue is raised, a hearing shall be held before the court, and findings made regarding defendant's

---

was placed on record in presence of defendant); *State v. Gabert*, 152 Vt. 83, 88, 564 A.2d 1356, 1359 (1989) (failure of court to elucidate implied element of intent in assault and robbery did not require setting aside defendant's plea).

competency. See *id.* Where a party raises the concern of competency, however, and then fails to pursue the issue, an evidentiary hearing is not mandatory unless the court finds that the issue has not been adequately resolved. See *In re Hanson*, 160 Vt. 111, 114, 623 A.2d 466, 468 (1993).

Contrary to petitioner's assertions, the record supports a finding that the district court was responsive and "adequately resolved" the matter of petitioner's competency. *Id.* Responding to defense counsel's concerns, the district court ordered first the mental health evaluation by Mr. Bombard of Franklin-Grand Isle Mental Health, and a few days later the competency evaluation by Dr. Woodruff. Petitioner and his counsel concurred in Dr. Woodruff's finding of competency, raised no further questions about the issue, and did not request a competency hearing. The district court observed that, at the time he entered pleas, petitioner was oriented as to time, aware of the offenses with which he was charged and the possible penalties, understood the function of the court and was able to assist his attorneys.

Nevertheless, petitioner argues that the conclusory nature of Dr. Woodruff's report, as well as other signals, such as petitioner's indication that he would have raised a temporary insanity defense at trial, and his generally depressed condition, should have prompted the district court, in its own discretion, to hold a competency hearing. See *State v. Pollard*, 163 Vt. 199, 657 A.2d 185 (1995) (defendant's garbled and inappropriate speech, refusal to take lawyers' advice, and other irrational behavior necessitated further proceedings to determine competency, despite fact that psychiatrist had found defendant competent to stand trial). Unlike the situation in *Pollard*, petitioner in this case appeared rational to both his attorneys and the court, spoke cogently, and otherwise displayed no behavior inconsistent with the psychiatrist's finding that he was competent to stand trial. See *State v. Williams*, 154 Vt. 76, 79-80, 574 A.2d 1264, 1265-66 (1990) (parties' voluntary agreement that defendant is competent obviated the need for competency hearing and determination). There was no error in the superior court's finding.

Petitioner's second argument is that counsel was ineffective. When the claimed error in post-conviction relief proceedings is ineffective assistance of counsel, petitioner must show first "that counsel's performance fell below an objective standard of reasonableness informed by prevailing professional norms," and second "that counsel's deficient performance prejudiced the defense." *In re Dunbar*, 162 Vt. 209, 212, 647 A.2d 316, 319 (1994) (citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)). We must look to whether the decisions made by counsel "were within the range of competence demanded of attorneys in a criminal case at that time." *In re Mecier*, 143 Vt. 23, 32, 460 A.2d 472, 477 (1983).

Petitioner asserts that his attorneys were overly hasty in arranging the plea agreement and failed to pursue adequately the issue of his competency before the court. We disagree.

First, the record supports the superior court's finding that counsel negotiated a reasonable plea on petitioner's behalf. The superior court found that petitioner's lawyers thoroughly investigated the charges against their client and came to a "reasoned conclusion" that the State's case was strong and did not bode well for petitioner. The court also found that petitioner's counsel — far from rushing their client into a plea agreement — engaged the State in ongoing plea negotiations. The superior court found that defense counsel kept petitioner informed of the negotiations and persuaded the State to make better offers than had initially been submitted. The court found that the plea

agreement was reasonable in light of petitioner's lengthy criminal record, the number of felonies charged, and the strength of the State's eyewitnesses and corroborative evidence.

Second, petitioner's lawyers were responsive to the issue of his competency. Counsel initially raised the issue with the court, but Dr. Woodruff's finding of competency reasonably put their concerns to rest, particularly in light of petitioner's lack of any prior mental illness, and his thoughtful and rational communication with his attorneys. We agree with the superior court's conclusion that counsel could not have, in good faith, persisted in an argument that their client was incompetent to stand trial or enter pleas.

Third, the record supports the superior court's conclusion that the decision of the petitioner and his attorneys not to pursue an insanity defense was a reasonable, tactical choice based on applicable law and the facts of the case. Both attorneys were familiar with the defendant, and knew of his prior criminal convictions. One of the attorneys discussed the possibility of an insanity defense with petitioner. Petitioner told the district court he believed the evidence against him would support a conviction if a jury rejected an insanity defense, and that he agreed with his attorneys that the plea agreement was in his best interest.

Based on the record before it, the superior court appropriately found that petitioner's counsel had performed reasonably and competently, and did not fall below an objective standard of reasonableness as set by prevailing professional standards of conduct. Accordingly, we need not address whether petitioner satisfied the second prong of the *Strickland* test by demonstrating prejudice as a result of counsel's decisions. See *In re Trombly*, 160 Vt. 215, 218, 627 A.2d 855, 856 (1993).

*Affirmed.*