**In re James W. QUINN, III**

[816 A.2d 425]

No. 01-540

October 24, 2002. Petitioner James W. Quinn, III appeals from a decision of the Bennington Superior Court denying him post-conviction relief. Petitioner asserts that the superior court erred in concluding that his guilty pleas were knowing and voluntary because: 1) his attorney coerced him to plead guilty by unduly pressuring him during the plea hearing; 2) he mistakenly believed that he could be charged as a habitual offender if he did not accept the State's plea offer; 3) he was under the mistaken belief that he would serve his sentence in Windsor; 4) he did not understand that his sentences for the sale of marijuana would run consecutively; and 5) he was taking medication that impaired his judgment. We find that petitioner's attorney unduly coerced him to enter guilty pleas, and therefore reverse and remand.

The superior court found the following relevant facts. On February 18, 1997, petitioner pled guilty to sexual assault and received a sentence of 115 days to ten years with all suspended but 115 days. Petitioner was released on probation after serving the 115 days but was found in violation of probation after three days of contested hearings on November 5, 1999, March 3, 2000, and April 25,

2000. Between the March 3 and April 25 hearing dates, petitioner was charged with three felony counts of sale of marijuana and contempt of court. Sentencing on the probation violation was set for June 22, 2000.

On June 22, 2000, petitioner's attorney negotiated a plea agreement with the State, and a plea hearing was held in lieu of the sentencing hearing. The plea agreement encompassed and resolved the violation of probation matter, the three sale of marijuana charges, and the contempt of court charge. In exchange for petitioner's guilty pleas to two counts of sale of marijuana, the State agreed to drop one of the sale of marijuana charges and the contempt of court charge, and also agreed not to bring a habitual offender charge. The plea agreement form indicated that the total recommended sentence for the three charges was for five years, 115 days to eighteen years.

Petitioner now argues on appeal that his attorney coerced him to plead guilty during the plea hearing. For post-conviction relief to be granted, petitioner must prove by a preponderance of the evidence that a fundamental error rendered his conviction defective. *In re Hemingway*, 168 Vt. 569, 570, 716 A.2d 806, 808 (1998) (mem.). A court's finding of fundamental error in the acceptance of a guilty plea is sufficient to award the relief requested. *Id.* In accepting a guilty plea, courts must ensure that the petitioner's plea is the "voluntary expression of his own choice," *Brady v. United States*, 397 U.S. 742, 748 (1970), because by entering a guilty plea the petitioner waives important constitutional rights. *In re Hall*, 143 Vt. 590, 594, 469 A.2d 756, 758 (1983); see generally V.R.Cr.P. 11(d) ("court shall not accept a plea of guilty . . . without first, by addressing the defendant personally in open court, determining that the plea is voluntary . . . .").

In making our determination regarding post-conviction relief, we "will inquire into the circumstances surrounding a guilty plea to determine that the trial court discharged its responsibility to assure itself, before accepting the plea, that it was offered voluntarily, after proper advice, and with full understanding of its consequences." *In re Raymond*, 137 Vt. 171, 180, 400 A.2d 1004, 1009 (1979); see also *Brady*, 397 U.S. at 749 ("voluntariness of . . . plea can be determined only by considering all of the relevant circumstances surrounding it"). Furthermore, the findings in a post-conviction relief decision will not be disturbed absent clear error, and even when the evidence conflicts, we will defer to the superior court in this regard. *State v. Bristol*, 159 Vt. 334, 336-37, 618 A.2d 1290, 1291 (1992). Thus, if there is any credible evidence to support the findings, and the court's conclusions follow from the findings, this Court will uphold the superior court's decision. *In re Plante*, 171 Vt. 310, 313, 762 A.2d 873, 876 (2000). Here, however, as in *Bristol*, we find that our disagreement is with the court's conclusions and not its factual findings. See *Bristol*, 159 Vt. at 337, 618 A.2d at 1291.

The superior court, after examining the evidence at the hearing for post-conviction relief, found that petitioner did not prove by a preponderance of the evidence that his pleas were involuntary. In making its determination, the court concluded that petitioner's attorney was merely "compell[ing him] to make *some* decision" but not "tell[ing] him *which* decision he must make." We disagree.

Significantly, the superior court found that "[d]uring the June 22, 2000 hearing [p]etitioner reluctantly changed his plea to guilty." Petitioner's attorney knew that he "was in a very depressed state at the time and had made a couple of suicidal attempts or gestures prior to the June 22, 2000 hearing." The "[p]etitioner expressed extreme reluctance to plead to the second charge" of sale of marijuana.

When the court asked petitioner during the plea hearing how he would plead to the second sale of marijuana charge, the following conversation occurred:

> COURT: And to a similar charge [ . . . ] of [selling] a substance containing marijuana to another, based again . . .
> PETITIONER: I don't want to . . .
> COURT: . . . on facts that an informant working with officers went to your residence [ . . . ] how do you plead to that charge?
> PETITIONER: Why can't I wait . . . . Why can't I think about it.
> ATTORNEY: You're being a baby, now come on now.
> PETITIONER: I don't want to.
> COURT: You indicating you wish not to plead to that charge, Mr. Quinn?
> PETITIONER: Can I come back and make a plea . . . .
> ATTORNEY: Stop it, Jimmy, you've got to make a decision now. If you don't do this now, we're not going to do it, come on.

Coercion by the defendant's attorney will render a plea involuntary. *In re Fuller*, 135 Vt. 575, 580-81, 381 A.2d 1056, 1060 (1977); see also *United States v. Carr*, 80 F.3d 413, 416 (10th Cir. 1996) ("guilty plea entered upon the advice of counsel is invalid if the plea was coerced"); *Iaea v. Sunn*, 800 F.2d 861, 867 (9th Cir. 1986) (listing cases); *Edwards v. Garrison*, 529 F.2d 1374, 1380 (4th Cir. 1975) ("A guilty plea is not voluntary and must be stricken if [accused's] free will is overborne by . . . the accused's lawyer."). We recognize that mere advice regarding which plea to enter or "[p]ressure upon a client to elect one alternative or the other" based on the prosecution's case generally does not constitute undue coercion by the attorney. *In re Fuller*, 135 Vt. at 580-81, 381 A.2d at 1060; *Iaea*, 800 F.2d at 867. However, "[t]he voluntariness standard may be violated by coercion in the form of impermissible pressure of counsel on his client to plead guilty." *Ray v. Rose*, 392 F. Supp. 601, 619 (W.D. Tenn. 1975); see also *Coddington v. Langley*, 202 F. Supp. 2d 687, 694-95, 702 (E.D. Mich. 2002) (finding plea involuntary where defendant was coerced into pleading by his attorney after his attorney called him "retarded" and threatened to "kick his ass" unless he pled guilty). But see *Carr*, 80 F.3d at 417 (rejecting defendant's claim that his plea was involuntary because his attorney yelled at him to plead guilty and called him a "f—ing idiot," where record during Rule 11 colloquy "clearly demonstrates that [defendant] entered his plea willingly and voluntarily at the time he made it"). In the case before us, petitioner's attorney engaged in this type of pressure *during* the actual plea hearing thereby increasing its coercive nature. Additionally, the court's finding that his attorney knew at the plea hearing that petitioner was in a very depressed state and had recently attempted suicide further indicates the heightened coerciveness of the situation.

The superior court supported its ultimate determination regarding voluntariness with a factual finding that both petitioner and his attorneys stated that his guilty pleas were voluntary. Generally, a petitioner's "[a]ssertions in open court of voluntariness and lack of coercion, while not binding on a post-conviction proceeding, are cogent evidence against later claims to the contrary." *In re Raymond*, 137 Vt. at 181, 400 A.2d at 1009. Here, the trial court made its inquiry into the voluntariness of petitioner's pleas *before* his attorney exerted undue influence

during the hearing.* Thus, petitioner's assertion, in this case, should not have been weighed heavily against this claim of coercion by his attorney. See *Coddington*, 202 F. Supp. 2d at 700 (finding plea decision was taken away from petitioner by his attorney's coercion when, among other things, he "was coerced severely by counsel after his in-court statement that he was not coerced").

In looking at the totality of the circumstances surrounding petitioner's pleas, we conclude that petitioner's attorney was unduly coercive in pressuring him to enter a guilty plea. Thus, we find that petitioner's pleas were not entered voluntarily. While we acknowledge the difficult situations that lawyers often face when counseling their clients regarding plea bargaining, the plea entered still must ultimately be the client's decision, and the attorney must abide by that decision. *In re Fuller*, 135 Vt. at 580, 381 A.2d at 1060; Vermont Rules of Prof'l Conduct 1.2(a).

In light of our disposition of petitioner's first argument, it is unnecessary to address petitioner's other arguments on appeal. Judgment and sentence of the district court shall be vacated and petitioner's guilty pleas stricken. Case remanded to district court for further proceedings.

*Reversed and remanded.*

---

* It is unclear from the record whether the trial court heard the discussion between petitioner and his attorney during the plea hearing. Although petitioner's attorney testified that the trial court judge did not hear the discussion, the superior court made no finding as to whether the conversation was heard by the judge.