*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2010-421

APRIL TERM, 2011

| | | |
|---|---|---|
| In re Scott Beyor | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Rutland Unit, |
| | } | Civil Division |
| | } | |
| | } | DOCKET NO. 457-6-09 Rdcv |

Trial Judge: Mary Miles Teachout

In the above-entitled cause, the Clerk will enter:

Petitioner appeals the trial court's denial of his petition for post-conviction relief (PCR). On appeal, petitioner argues that the court erred in finding that he received effective assistance of counsel prior to entering a guilty plea and that his plea was not the product of coercion. We affirm.

In the underlying criminal case, petitioner was charged with burglary, assault and robbery, and providing false information to a police officer. The basic facts leading to the arrest were found by the PCR court as follows. Petitioner went to his girlfriend's house on October 15, 2007, where he took multiple doses of prescription medication and drank alcohol. Eventually he began walking home. Because he was cold and hungry, he chose a house at random to enter. He broke a window in the kitchen of the victim's home, and then cooked a sandwich and began to eat it. The victim, an elderly woman, was upstairs in her bedroom sleeping. When she heard noises downstairs, she locked her bedroom door, barricaded it. Petitioner got a kitchen knife, went upstairs and forced his way into the room. He brandished the knife and demanded her purse. The victim gave him her purse and he ran from the house out the front door. The victim called 911. In her statement to police, she explained that petitioner had demanded her purse while threatening her with a knife. When police arrived at the scene, they found a window in the kitchen was broken, the lock on the victim's bedroom door was broken, a knife was lying by the front door, and the phone line in the victim's bedroom had been pulled out of the wall.

A few hours later, a trooper observed a male hitchhiker, who appeared to be intoxicated. He approached the man, later identified as petitioner. Petitioner gave a false name to the trooper. He voluntarily complied with a request to empty his pockets. He produced a woman's change purse and various cards, including some with the victim's name on them. After the trooper learned of the reported home invasion, petitioner was arrested. Later, after being given Miranda warnings, petitioner confessed to entering the victim's home and making a sandwich. Petitioner also admitted to taking the purse, but insisted that the victim had thrown it at him. Petitioner was assigned a trial attorney. Two weeks later, the State noticed its intent to depose the victim, and petitioner's attorney attended. Trial counsel hired an expert to do a mental health evaluation of petitioner in hope of pursuing a diminished capacity defense. The resulting report, however, found petitioner both competent and sane, and counsel decided not to pursue such a defense. Trial counsel discussed the different options with petitioner regarding going to trial or pleading

guilty.  Ultimately, petitioner decided to enter a plea agreement that capped his sentence at twenty-to-thirty-five years.  At the change-of-plea hearing, the court reviewed the elements of burglary and asked petitioner if he agreed that he had entered an occupied dwelling with the intent to commit petit larceny.  Petitioner answered that he had no intent to steal when he entered the victim's house.  Petitioner had a short conference with his attorney.  Then the judge asked again if defendant agreed the state could prove a burglary charge, and defendant pled guilty.  He next pled guilty on the other two counts.  Following the pleas, petitioner's trial attorney asked for time to discuss with petitioner.  During this conversation, petitioner agreed that he had entered intending to make and eat a sandwich but not to steal money.  Trial counsel then confirmed to his satisfaction that this was sufficient under the statute.  When the parties returned, the court again questioned petitioner concerning the elements of the burglary charge and retook petitioner's plea.  Petitioner agreed that he had committed the crime and that he had discussed the matter with his attorney and was satisfied with the advice he received.

At sentencing, three witnesses testified in petitioner's favor—two aunts and the mental health expert.  The State requested a sentence of twenty-to-thirty-five years, while defendant argued for three-to-ten years.  The court sentenced petitioner to ten-to-twenty-four years.

Petitioner filed a motion for post-conviction relief, arguing that he had received ineffective assistance of counsel and that he was coerced into pleading guilty.  On the ineffective assistance claim, petitioner argued that counsel was defective in failing to conduct depositions, file motions to suppress or dismiss, or argue a defense of diminished capacity.  The court held a hearing on the merits.  Petitioner presented the testimony of an expert who opined that counsel's performance fell below the accepted standard of care for not taking depositions and filing a motion to suppress to exclude evidence obtained at the police officer's initial stop and search on the side of the road and not to pursue a diminished capacity defense.

The trial court issued a written order finding in the State's favor.  The court found that the expert's opinion was not persuasive because he did not have all of the facts.  The court found that indeed trial counsel had diligently pursued all of these options and rejected them for tenable reasons.  As to the motion to suppress, the court found that trial counsel reasonably concluded, based on petitioner's own account of the event, that there was no good-faith basis to take the trooper's deposition or challenge the admissibility of the evidence.  The court also found that trial counsel made a reasonable decision not to pursue a diminished capacity defense after the expert's report did not support it and to instead introduce the evidence at sentencing to attempt to mitigate the penalty.

 The court found that counsel did not pressure petitioner into pleading guilty to avoid annoying the judge.  The trial court noted that during the discussions, the trial attorney told petitioner that "there was a risk . . . the judge would be annoyed at the use of time and expense of public resources on a two day trial where the evidence was so strong."  The court found that counsel's warning against annoying the judge did not pressure petitioner to forego trial, noting that petitioner persisted in going to trial despite the  warning, but wavered and changed his mind over the course of several more discussions of factors relating to the trial process.  The court found that counsel discussed all possibilities with petitioner, and when the issue of intent arose during the plea colloquy, trial counsel diligently pursued the issue.  Further, once counsel confirmed that there was no monetary requirement for petit larceny, the court found that there was no evidence to indicate that petitioner sought to take his plea back.  The court concluded that there was nothing to indicate that petitioner's statements during the plea colloquy were coerced and that his plea of guilty was entered voluntarily.  Petitioner appeals.

On review of a denial for post-conviction relief, we review the findings of the trial court for clear error. In re Dunbar, 162 Vt. 209, 211 (1994). We will affirm "[i]f there is any credible evidence to support the findings, and the conclusions follow from the findings." Id. The petitioner has the burden of proving by a preponderance of the evidence that fundamental errors rendered his conviction defective. Id. at 211-12.

Petitioner first argues that his trial counsel's performance was ineffective because he failed to take depositions, file motions to suppress or dismiss, or pursue a diminished capacity defense to the charges. To sustain a claim for ineffective assistance of counsel, petitioner must demonstrate "by a preponderance of the evidence that: (1) his counsel's performance fell below an objective standard of performance informed by prevailing professional norms; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the proceedings would have had a different outcome." In re Koveos, 2005 VT 28, ¶ 6, 178 Vt. 485 (mem.) (quotation omitted). "In looking at the evidence, we are not permitted to use hindsight to evaluate counsel's conduct; rather, we must look to whether such decisions were within the range of competence demanded of attorneys in a criminal case at that time." In re Washington, 2003 VT 98, ¶ 8, 176 Vt. 529 (mem.) (quotation omitted).

We conclude that the trial court's finding that counsel's performance did not fall below an objective standard of reasonableness is supported by the evidence. As the trial court explained, counsel explored whether the evidence recovered from the police stop could be suppressed, but reasonably concluded, based on petitioner's own description of the event, that there was no good-faith basis to conduct a deposition of the trooper or file a motion to suppress. Further, counsel also investigated the possibility of raising diminished capacity, but the expert evaluation did not support this defense. Without this expert support, counsel made a reasonable decision not to purse this defense further. See In re Hemingway, 168 Vt. 569, 572 (1998) (mem.) (holding that counsel rendered effective assistance in choosing not to pursue competence where expert evaluation had found defendant competent). Therefore, we find no grounds to disturb the court's finding that counsel's decisions were within the range of competence demanded of attorneys in a criminal case. See In re Mercier, 143 Vt. 23, 31 (1983) (noting that "[c]ounsel enjoy wide latitude in decisions regarding trial strategy").

Petitioner next argues that his guilty plea was not made voluntarily because his trial attorney coerced him into agreeing to the plea. A fundamental error in the acceptance of a guilty plea is sufficient to award post-conviction relief. In re Quinn, 174 Vt. 562, 563 (2002) (mem.). We agree with the trial court that there is no evidence that petitioner's attorney impermissibly pressured him into pleading guilty. An attorney's advice regarding whether or not to enter a plea and pressure to elect one alternative over another is typically not coercion. Id. at 564. Petitioner himself testified at the PCR hearing that he was not threatened into making a plea. Counsel's statement that going to trial would annoy the judge does not amount to the type of impermissible pressure on a client to plead guilty that would render the deal involuntary. Cf. id. at 565 (holding that attorney impermissibly pressured client into pleading guilty where the attorney exerted undue influence on his client during the plea hearing).

Furthermore, evidence of "a petitioner's assertions in open court of voluntariness and lack of coercion, while not binding on a post-conviction proceeding, are cogent evidence against later claims to the contrary." Id. (quotation omitted). In this case, the plea colloquy demonstrates that petitioner understood the terms of the plea and entered it voluntarily. Petitioner agreed that he was satisfied with the legal advice he received and that he was entering the plea voluntarily, absent any threats or promises. In addition, after petitioner expressed doubt regarding the intent for the burglary charge, he was given an opportunity to speak with his

attorney and the court conducted a second plea colloquy. This confirmed that petitioner was fully informed of the basis for the charges and accepted the plea voluntarily. Cf. <u>id</u>. at 564-65 (explaining that the petitioner's assertion during plea colloquy that he was not coerced was unpersuasive because the undue influence occurred afterwards). While petitioner argues that his mental state was fragile at the time and therefore he was susceptible to influence, he has offered no evidence to indicate that he was not mentally capable of understanding the plea process or agreeing to its terms that day. Thus, we conclude that defendant was not coerced.

<u>Affirmed</u>.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Brian L. Burgess, Associate Justice

4