*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2012-471

DECEMBER TERM, 2014

In re Joseph Bruyette

}　APPEALED FROM:
}
}　Superior Court, Windham Unit,
}　Civil Division
}
}　DOCKET NO. 464-9-12 Wmcv

Trial Judge: Karen R. Carroll

In the above-entitled cause, the Clerk will enter:

Petitioner appeals the trial court's order dismissing his post-conviction relief (PCR) petition for abuse of the writ. On appeal, petitioner argues that his current PCR was improperly dismissed because he seeks to advance claims that could not have been previously raised. We affirm.

The basic facts are not disputed. Petitioner was convicted in 1990 of one count of burglary and three counts of sexual assault. He was sentenced to an aggregate term of forty-five-to-eighty-five years. This Court affirmed his direct appeal. State v. Bruyette, 158 Vt. 21 (1992). In September 1995, petitioner filed a PCR, alleging ineffective assistance of trial counsel. That PCR was dismissed with prejudice in April 1997. The court explained that defense counsel's file had been taken by petitioner's relative and could not be located, and was necessary for examination of petitioner's ineffective-assistance claims. The file was subsequently located, but following a status conference, the petition was again dismissed in April 2000. Petitioner's appeal of that PCR to this Court was subsequently dismissed as untimely filed.

Petitioner filed another PCR petition in November 2000. The State moved to dismiss and the court granted the motion, concluding that it was a successive PCR. The order recounts that in the April 2000 proceeding, which resulted in the second dismissal of the initial 1995 PCR, petitioner's PCR lawyer stated that he had reviewed the record and failed to find a reasonable basis for the claim of ineffective assistance of counsel. Therefore, as to the second PCR, filed in November 2000, the court concluded that petitioner sought "the identical relief he has been denied twice previously" and dismissed the petition with prejudice, emphasizing that "No further petitions shall be accepted for filing." Petitioner's appeal to this Court was dismissed for failure to comply with the Court's orders.

In July 2012, petitioner filed this third PCR, alleging that his trial counsel was ineffective for failing to properly advise him of the benefit of accepting the State's plea offer prior to trial.

The State moved to dismiss for abuse of the writ.[1]  Petitioner opposed the motion.  Petitioner claimed that ineffective assistance for failing to provide advice about a plea agreement was recognized by the United States Supreme Court in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and was therefore not available when he filed his previous PCRs.  The PCR court concluded that petitioner had failed to demonstrate why he could not have raised his current claim in his prior PCR filings, explaining that Lafler did not create a new basis for relief, but merely applied the existing ineffective-assistance standard to a different set of facts.  Petitioner appeals.

PCR proceedings provide a limited remedy, and require a petitioner "to establish, by a preponderance of the evidence, that fundamental errors rendered his conviction defective." State v. Bristol, 159 Vt. 334, 337 (1992); see 13 V.S.A. § 7131 (providing bases for seeking to vacate or set aside sentence).  A court "is not required to entertain a second or successive motion for similar relief on behalf of the same prisoner."  13 V.S.A. § 7134.  The bar against successive petitions does not apply solely to claims actually addressed on the merits in connection with a prior petition.  In re Laws, 2007 VT 54, ¶ 18.  We have recognized that "a petitioner can abuse the writ by raising a claim in a subsequent petition that [he or she] could have raised in [the] first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice."  Id. (citing McCleskey v. Zant, 499 U.S. 467, 489 (1991)).  The appropriate analysis focuses on whether the petitioner has "a legitimate excuse for failing to raise a claim at the appropriate time."  Id.  The test for determining whether a petition should be dismissed for abuse of the writ is as follows:

> First, the government has the burden of pleading abuse of the writ with the level of specificity described in McCleskey.  Second, the burden then shifts to the petitioner to show cause and actual prejudice.  Third, in dismissing a PCR on this basis, the superior court must make findings on the issues of cause and actual prejudice.

Id. ¶ 22.

---

[1]  The State also moved to dismiss for lack of proper venue.  The venue question requires some explanation since there has been confusion about the proper venue for petitioner's PCR claims throughout all of the post-conviction proceedings.  Under the PCR statute, a petition must be filed in "the county where the sentence was imposed."  13 V.S.A. § 7131.  The charges were filed in Rutland County, but venue was transferred to Windham County where the trial took place.  Petitioner filed his 1995 and 2000 PCR petitions in Rutland County.  The court initially dismissed the 2000 petition for improper venue and it was re-filed in Windham County.  The July 2012 petition was also initially filed in Rutland County, and as indicated, the State moved to dismiss for improper venue.  By agreement, the case was transferred to the Windham Unit of the Superior Court.  On appeal, the State has submitted a correction with detailed docket entries from the trial court indicating that although the trial took place in Windham County, the case was transferred back to Rutland for sentencing.  The State therefore concedes that it appears that Rutland, and not Windham, is the proper venue for the PCR proceedings.  Nonetheless, because § 7131 pertains to venue and not subject matter jurisdiction, the adjudication of the matter in the Windham Unit of the Superior Court does not require reversal.  In re Laws, 2007 VT 54, ¶ 7, 182 Vt. 66 (explaining that venue provision of 13 V.S.A. § 7131 does not relate to subject-matter jurisdiction).

On appeal, petitioner argues that there is no basis for dismissal because his prior PCRs were dismissed for procedural reasons—for lack of venue and as successive—and not on the merits.[2]  The record does not support petitioner's contention that his first PCR was dismissed for lack of proper venue.  The case was initially dismissed because petitioner could not produce his counsel's file.  After the file was located, there was a status conference at which petitioner's counsel stated that he had reviewed the record and not found a credible basis for an ineffective-assistance claim.  The court then dismissed the PCR with prejudice.  This dismissal amounted to an adjudication on the merits.  See Littlefield v. Town of Colchester, 150 Vt. 249, 251 (1988) ("A dismissal with prejudice is treated as an adjudication on the merits . . . .").

Petitioner argues, though, that the particular issue he raises in this PCR claim—that counsel was ineffective for failing to properly advise him concerning the consequences of accepting or rejecting the plea agreement—was not before the court in connection with his prior PCR petitions and that his current petition is therefore not barred as a subsequent petition.  As noted above, the successive petition rule applies to claims that could have been raised in a prior petition even if they were not, unless the petitioner establishes good cause for failing to raise the claim sooner.

In this case, he argues that he could not have made his current claim of ineffective assistance of counsel because the legal basis for the claim was not apparent until 2012, when the United States Supreme Court held that where the ineffective assistance of counsel causes the rejection of a plea, leading to a trial and more severe sentence, a defendant may be entitled to post-conviction relief.  See Lafler v. Cooper, 132 S. Ct. 1376, 1384-90 (2012).  But as the trial court noted, in Lafler, the United States Supreme "merely applied a set of facts to a known standard in evaluating an ineffective assistance of counsel claim."  This Court recognized the legal principle underlying the Lafler decision well before petitioner's prior PCR petitions.  See State v. Bristol, 159 Vt. 334, 337-38 (1992) ("Courts agree that the right to counsel is violated when defense counsel fails to inform a defendant of a plea offer or when counsel's incompetence results in a decision by a defendant to proceed to trial rather than plead guilty.").  In light of this fact, the trial court did not abuse its discretion in concluding that petitioner had failed to show good cause for failing to include his claims concerning trial counsel's failure to properly explain the consequences of rejecting the State's plea offer in his prior PCR petitions.  Petitioner next argues that the dismissal of his first PCR should not preclude filing this PCR because he received ineffective assistance of counsel in that initial PCR insofar as he alleges counsel did not heed his request to advance the claim he seeks to bring now.  This ground was not raised in the trial court and therefore it has not been properly preserved for appeal.  In re Collette, 2008 VT 136, ¶ 15, 185 Vt. 210.

Finally, throughout his brief, petitioner suggests that because the Defender General's Office has a conflict and cannot represent him, all conflicts counsel who have contracted with the

_____

[2]  The State notes that this Court has not articulated what standard of review should apply when reviewing the dismissal of a PCR for abuse of the writ.  The State argues that an abuse-of-discretion standard should apply, citing various federal cases.  See, e.g., Campbell v. Blodgett, 997 F.2d 512, 516 (9th Cir. 1992), cert. denied, 510 U.S. 1215 (1994).  We need not reach the question in this appeal because even under a de novo standard, petitioner has failed to demonstrate cause for failing to raise the ineffective-assistance claim in his prior PCRs.

3

Defender General's Office have been tainted by the conflict.  We put this argument to rest in In re Bruyette, 2014 VT 30, ¶ 19.

        Affirmed.

                                    BY THE COURT:

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice