*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-084

NOVEMBER TERM, 2015

In re Roger Clinton Brown  }  APPEALED FROM:
}
}  Superior Court, Windham Unit,
}  Civil Division
}
}
}  DOCKET NO. 654-12-10 Wmcv

Trial Judge: John P. Wesley

In the above-entitled cause, the Clerk will enter:

Petitioner appeals from a superior court judgment denying his petition for post-conviction relief. He contends the court erred in rejecting a claim that his trial attorney provided ineffective assistance of counsel. We affirm.

In February 2009, petitioner was convicted by a jury of engaging in lewd and lascivious conduct with his step-granddaughter, who was between eight and ten years old at the time the charged conduct occurred. This Court affirmed the conviction on appeal. State v. Brown, 2010 VT 103, 189 Vt. 88. In December 2012, petitioner filed this PCR action, claiming that his trial counsel was ineffective in: (1) eliciting testimony from petitioner's wife and doctor that confirmed the victim's testimony describing the distinctive physical appearance of petitioner's penis; (2) failing to proffer evidence that would have established an innocent explanation for the victim's knowledge of the physical appearance of petitioner's penis; and (3) failing to object and move for a mistrial when the investigating officer testified that petitioner had been instructed by his attorney not to talk to the police.

In response to the parties' cross-motions for summary judgment, the court denied petitioner's motion, granted the State's motion, and dismissed the petition. Petitioner appealed. Noting that each side had presented the expert affidavit of an experienced attorney and that the experts had reached opposite conclusions as to whether, on the facts presented, trial counsel's performance fell below prevailing standards of professional practice, we concluded that petitioner had demonstrated a genuine dispute inappropriate for summary judgment, and accordingly reversed and remanded. In re Brown, No. 2014-028 (Vt. Sept. 1, 2014), 2014 WL 5314706.

The trial court held an evidentiary hearing over the course of two days in December 2014. Petitioner's trial counsel and the expert witnesses for both parties testified. In January 2015, the court issued a written ruling containing extensive findings and conclusions. In summary, the court found as follows with respect to defense counsel's alleged errors: During interviews with the police, the victim described petitioner's penis as darker than the skin on his body. Petitioner informed defense counsel that the victim's description was wrong, insisting that

the victim had never seen his penis. Petitioner identified his wife and doctor as witnesses who could provide accurate descriptions contradicting the victim. Petitioner signed a medical release for his doctor to testify. According to both witnesses, defendant has a condition known as vitiligo, which destroys pigment and creates a lighter area of skin; both informed counsel that petitioner had an area like this on the left side of his penis toward the base. At trial, defense counsel noted in her opening statement that the victim omitted any mention of this condition, suggesting that her testimony was not credible. On cross-examination of the victim, defense counsel confirmed that the victim had described petitioner's penis as darker. For the first time, however, the victim also added that petitioner had a "lighter spot near the head of his penis."

Petitioner's doctor was called by the State and testified without objection about petitioner's condition. On cross-examination, defense counsel elicited testimony emphasizing that the skin on petitioner's penis was not merely lighter, but completely white. Defense counsel also called petitioner's wife, who testified that the area was located on the left side of petitioner's penis, near his torso, and was very light compared to the rest of the skin. During closing argument, defense counsel argued that the victim's initial description lacked critical details; that her description changed only after she became aware of petitioner's condition; and that the victim was therefore not credible.

With respect to petitioner's claim that defense counsel erroneously failed to proffer evidence establishing an innocent explanation for the victim's knowledge about the appearance of petitioner's penis, the court found as follows: In her deposition, the victim's mother recalled that the victim had told her of occasions when she was a toddler or preschooler in which she entered the bathroom while petitioner was using it, or in which petitioner had entered the bathroom while the victim was using her "training potty." The timing and circumstances of these occasions were vague. The victim's mother did not testify at trial, and defense counsel did not question the victim about the incidents referred to by her mother.

In his PCR petition, petitioner claimed that defense counsel was ineffective in eliciting the descriptions of his penis from petitioner's wife and doctor because counsel should have known that they would effectively corroborate the victim's description. Instead, he should have entirely avoided the line of questioning, and should have proffered an innocent explanation for the victim's apparent observations of petitioner's penis based on the incidents alluded to by her mother in her deposition. Petitioner's expert supported this argument. The State's expert disagreed, however, concluding that defense counsel pursued a sound strategy that allowed him to contrast the victim's initial description of petitioner's penis as darker than the rest of his skin with the other witnesses' descriptions, to argue that the victim only described a lighter area after she learned of petitioner's medical condition, and to emphasize that her subsequent description of the area as being near the head of the penis was inconsistent with its actual location on the left side near the base. The State's expert also disputed the wisdom of pursuing the alternative innocent-explanation strategy, observing that the evidence was vague and was based on hearsay from the victim's mother; that petitioner did not demonstrate that the victim herself would have recalled the bathroom incidents; that the argument would have conflicted with petitioner's claim that the victim had never seen his penis; and that highlighting the fact that petitioner exposed himself to a three-year-old may have done more harm than good.

The trial court concluded that the evidence did not support a conclusion that defense counsel's decisions in these areas fell below the standard of care. Based on the evidence and the expert testimony, the court concluded that defense counsel's decision to contrast the victim's

descriptions with that of the other witnesses was "a reasonable trial strategy designed to point out the inconsistencies and changing story provided by the [v]ictim and argue that the victim was not believable." Considering the wide latitude afforded counsel's trial strategy, the court concluded that the decision was "well within the range of competence demanded of attorneys." Similarly, the court concluded that petitioner had not demonstrated an evidentiary basis for the innocent-explanation alternative, and that the decision not to pursue it was reasonable given its inherent weaknesses and uncertainties.

With respect to petitioner's final claim of ineffective assistance, the court found as follows. Following the victim's initial disclosures, Trooper Dean with the Vermont State Police interviewed petitioner, who made a number of statements. At trial, defense counsel elicited Trooper Dean's acknowledgment on cross-examination the petitioner had repeatedly denied that he sexually abused the victim. Defense counsel also elicited information that the victim had stated that petitioner generally locked the bedroom door before abusing her, although investigation had revealed no lock on the door. Defense counsel called a police sergeant to determine whether the police had thoroughly examined petitioner's home to corroborate the victim's account. The sergeant responded that petitioner's lawyer had told him at the time, after petitioner's arraignment, not to speak with petitioner, so he did not go into the house. The State then briefly questioned the officer on the same subject, and elicited the same response.

Petitioner claimed that defense counsel was ineffective by eliciting the officer's reference to his post-arrest silence and failing to move for a mistrial on that ground. The court here rejected the claim, noting that the reference was indirect and brief; that it referred to petitioner's lawyer rather than any direct invocation by petitioner of the right to silence; and that it was not brought up again at trial. The court thus concluded that any error in failing to object was harmless, and that any motion for mistrial would likely have been futile, and would not have affected the outcome. Accordingly, the court denied the petition for post-conviction relief, and entered judgment for the State. This appeal followed.

"When considering a PCR appeal, we review the superior court's findings of fact under a clearly erroneous standard. . . . If conclusions follow from the findings they must be affirmed." In re Washington, 2003 VT 98, ¶ 8, 176 Vt. 529 (mem.) (citations omitted). A petitioner seeking relief on the basis of ineffective assistance of counsel must demonstrate first "that counsel's performance fell below an objective standard of reasonableness informed by prevailing professional norms," and second "that counsel's deficient performance prejudiced the defense." In re Dunbar, 162 Vt. 209, 212 (1994) (citing Strickland v. Washington, 466 U.S 668, 687-88 (1984)). Further, as the trial court here noted, we do not judge counsel's tactical decisions in hindsight based on their ultimate success, but rather on "whether such decisions were within the range of competence demanded of attorneys in a criminal case at the time." In re Mercier, 143 Vt. 23, 32 (1983).

Petitioner first contends that the court erred in rejecting his claim that defense counsel was deficient in failing to pursue the innocent-explanation defense. The argument is unpersuasive. First, it overlooks the court's finding that the evidentiary basis for such a claim was lacking; the mother's deposition statement that the victim recalled petitioner entering her bathroom when she was as toddler was hearsay, and petitioner did not call the victim at the PCR hearing to corroborate her mother's statement directly. Moreover, the argument fails to overcome the court's considered judgment that counsel acted well within the range of competence in concluding that, even if the mother's statements were true, it might have been

more damaging than helpful to rest his defense on a claim that the victim recalled the petitioner exposing himself when she was a toddler. See Dunbar, 162 Vt. at 213 (where case was susceptible of more than one defense strategy, the "proper question is whether trial counsel had any reasonable strategy and whether they pursued it with adequate preparation and diligence").[1] We find no error.

Petitioner also reasserts the claim that defense counsel erroneously elicited testimony from petitioner's wife and doctor corroborating the victim's description of his penis. The argument overlooks the court's findings—supported by the record evidence—that the witnesses' testimony demonstrated inaccuracies in the victim's initial and subsequent descriptions, highlighted the variable nature of her descriptions, and supported a challenge to her credibility. These inconsistencies were also highlighted in defense counsel's closing argument. The trial court here properly concluded that defense counsel's decision was reasonable and well within the scope of professional competence.

Finally, petitioner claims that counsel was ineffective in eliciting testimony that his attorney told a police sergeant not to speak to him, and failing to move for a mistrial based on the testimony. The argument does not address, or undermine, the trial court's well-supported findings that the brief and indirect reference to petitioner's silence was insignificant in the context of the trial as a whole and did not prejudice defendant, and that a motion for mistrial likely would not have been successful. Accordingly, we find no error, and no basis to disturb the judgment.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Beth Robinson, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice

---

[1] Because we affirm the trial court's conclusion that defense counsel's decision not to pursue the "innocent explanation" defense urged by defendant's PCR expert did not fall below the standard of reasonableness, we need not consider petitioner's claim that the court applied the incorrect legal standard in concluding that petitioner had not demonstrated "that [the evidence] would likely have changed the outcome."

4