2005 VT 6

**In re Aime B. LaBOUNTY**

[869 A.2d 120]

No. 03-504

¶ 1. January 12, 2005. Petitioner, Aime LaBounty, appeals a superior court judgment denying his petition for post-conviction relief alleging that his convictions for aggravated sexual assault were caused by the ineffective assistance of his trial counsel. We affirm.

¶ 2. On January 31, 1996, petitioner was convicted of two counts of aggravated sexual assault, each count involving a different minor victim. The victims in the case had attended a daycare center run by petitioner's wife. In February 1995, one child, B.M., disclosed to her mother that petitioner had put his "pee-pee" in her mouth. B.M.'s mother phoned the mother of another child, S.J., who had also attended the daycare center. After some questioning, the mother asked S.J. if petitioner had engaged in similar conduct with her and she responded "No, he made me suck it." Both victims were four years old at the time of the relevant acts. The mothers reported the incidents, and the police and SRS workers interviewed the children and the mothers. Based on the interviews, the State charged defendant with two counts of aggravated sexual assault.

¶ 3. Petitioner was represented by attorney Rachael Hexter. He consistently maintained his innocence. He explained that B.M.'s allegation may have arisen from a misunderstanding following an incident where B.M. entered the bathroom while he was using it. He also explained that S.J.'s parents may have fabricated her story in retaliation for other conflicts between him and the parents.

¶ 4. Counsel deposed several witnesses in preparation for trial, but did not depose the minor victims. The State did not intend to call the victims as witnesses, relying instead on the admission of the testimony of the mothers and others who had interviewed the victims. See V.R.E. 804a.[1] The main defense trial strategy was to concentrate on the lack of corroboration of the complainants' stories. In addition, at this point, petitioner did not want the children to be deposed.

¶ 5. Before trial, counsel made several unsuccessful motions, including one to sever the two charges and one to exclude the statements of the victims, which the State sought to admit through others under Rule 804a. Before arguing the Rule 804a motion, counsel did not have an opportunity to listen to the tape of the SRS worker interview of S.J. The case went to trial and resulted in a hung jury. In preparing for a retrial, counsel again decided not to depose the children and used the same defense strategy. At the second trial, the jury convicted on both counts. Petitioner appealed the convictions, and we affirmed. *State v. LaBounty*, 168 Vt. 129, 131, 716 A.2d 1, 3 (1998). The main errors alleged in the appeal were the denial of the motion to sever and the admission of the Rule 804a evidence, and this Court specifically upheld the trial court's decisions on each issue. *Id.* at 133-39, 716 A.2d at 4-8. Petitioner then filed a post-conviction relief petition, claiming ineffective assistance of trial counsel.

---

[1] Vermont Rule of Evidence 804a allows a court to admit hearsay statements of children ten years or under if the child is a victim of sexual assault, the statements were not taken for a legal proceeding, the child is available to testify, and "the time, content and circumstances of the statements provide substantial indicia of trustworthiness." V.R.E. 804a(a).

¶ 6. The superior court conducted a three-day hearing on petitioner's claims. The court found that trial counsel's performance at the severance hearing, her failure to request a continuance of the Rule 804a motion hearing to listen to the tape of S.J.'s interview, and her failure to depose the victims fell below required norms. The court concluded, however, that there was no reasonable probability that in the absence of these failures there would have been a different trial outcome. For this reason, the court denied the petition.

¶ 7. The findings in a post-conviction relief proceeding will not be disturbed unless they involve clear error, and in the case of conflicting evidence, we will defer to the trial court's judgment. *In re Quinn*, 174 Vt. 562, 563, 816 A.2d 425, 427 (2002) (mem.). A PCR court's conclusions will be affirmed if supported by the findings. *Id.* Furthermore, a petitioner seeking post-conviction relief based on ineffective assistance of counsel "must demonstrate first 'that counsel's performance fell below an objective standard of reasonableness informed by prevailing professional norms' and second, 'that counsel's deficient performance prejudiced the defense.'" *In re Washington*, 2003 VT 98, ¶ 8, 176 Vt. 529, 838 A.2d 87 (mem.) (quoting *In re Dunbar*, 162 Vt. 209, 212, 647 A.2d 316, 319 (1994)). Prejudice results when "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In other words, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; see *In re Plante*, 171 Vt. 310, 313, 762 A.2d 873, 876 (2000) (holding that petitioner must demonstrate that "his counsels' inade-quate representation caused a breakdown in the adversary process that rendered his conviction defective.").

¶ 8. On appeal, petitioner reiterates the arguments made at the PCR hearing and claims that trial counsel failed to test and investigate the testimony of the two victims, whose accounts formed the basis of the State's case. At the hearing, both the State and petitioner presented expert witnesses. Petitioner's expert witness, an experienced criminal defense lawyer, testified that trial counsel's representation was deficient in several areas, and the combination of these deficiencies prejudiced petitioner such that it was reasonably probable that, in the absence of the deficiencies, there would have been a different outcome. Specifically, he faulted the defense for failing to: obtain an expert to explain the victims' accusations; obtain an expert to attack the SRS interview of S.J. as professionally defective and unreliable; conduct a deposition of the victims; and properly prepare for and present the motion to exclude the Rule 804a evidence and the motion to sever.

¶ 9. The State's expert, also an experienced criminal defense lawyer, admitted that trial counsel's handling of the severance motion and the admissibility hearings fell below a reasonable standard of practice, but opined that such failures did not affect the trial's outcome. He also agreed that trial counsel should have deposed the victims, but concluded that the depositions would not have changed the result at trial.

¶ 10. Much of the difference between the experts' opinions focused on whether trial counsel should have vigorously attempted to have the Rule 804a evidence excluded, specifically the SRS worker's interview of S.J. In the view of petitioner's expert, this interview was conducted unprofessionally, and trial counsel should have retained an expert witness to so testify. The expert believed that trial

counsel should have forced the State to have S.J. testify, as the weight of that testimony could be challenged. Trial counsel and the State's expert took a different view, believing that there was no incentive for the defense to prevail on a motion to exclude Rule 804a evidence as it was preferable to have the victims' statements come in through the testimony of third parties, rather than through direct victim testimony. They also believed that, in any event, defendant was not likely to prevail on the motion to exclude the Rule 804a evidence.

¶ 11. The court denied the post-conviction relief petition in a carefully-considered, detailed, written decision. The PCR court largely accepted the view of the State's expert witness and rejected that of petitioner's expert where they disagreed. Thus, the court did not find that trial counsel's failure to retain an expert witness in support of the motion to exclude the Rule 804a evidence constituted ineffective representation. With respect to the instances where the court found that trial counsel's representation fell below minimum standards, the court agreed with the State's expert that this did not prejudice defendant because there was no reasonable probability that the outcome would have been different if trial counsel had committed no such errors.

¶ 12. With respect to the severance motion, the court acknowledged that trial counsel could have presented more compelling arguments in favor of severance, but concluded that there was no reasonable probability that this would have changed the outcome because: (1) the trial court probably still would have denied the severance motion, see *State v. Johnson,* 158 Vt. 344, 350-51, 612 A.2d 1114, 1117-18 (1992) (upholding trial court's denial of severance where separate sexual allegations were connected in time, space, victim profile and type of act); and (2) any victory on the motion for severance would have been hollow as each girl's statement could have been admitted at the other's trial as "bad act" evidence under V.R.E. 404(b), see *id.* at 352, 612 A.2d at 1119 (noting that evidence of other sexual acts may be admitted if they are similar and close in time). The latter reason is strongly supported by our direct appeal decision. We held:

> [W]e do not find that the denial of a severance resulted in any prejudice to defendant at trial. Evidence relating to both offenses would have been admissible in separate trials to show a common scheme or plan under V.R.E. 404(b). As previously discussed, the offenses revealed a common objective, plan and method. Therefore, as we explained in *Johnson,* "the common features of defendant's conduct, the settings, and the victims, would have permitted admission of the evidence under 404(b)." We note further that joinder did not inhibit defendant from testifying with regard to either of the charged offenses.

*LaBounty,* 168 Vt. at 135, 716 A.2d at 6 (citations omitted) (quoting *Johnson,* 158 Vt. at 352, 612 A.2d at 1119). We conclude that the PCR court's conclusion on the severance motion is fully supported by the findings and in turn by the evidence.

¶ 13. With respect to the motion to exclude the Rule 804a evidence, the State's expert faulted trial counsel for going forward without listening to the tape of S.J.'s SRS interview. The court also found that trial counsel's representation was inadequate because she failed to attack the victims' statements as untrustworthy. The court found, however, that the Rule 804a evidence generally would have been admitted even if trial counsel made an effective challenge.

As to the SRS interview of S.J. where the interview technique was suspect, the court found that there was a reasonable likelihood that S.J.'s statements would have been admitted despite the flaws in technique. Specifically, the court noted that S.J.'s statement was consistent with what she had told her mother the day before, contained supporting detail, used the language of a four-year old, and described sexual acts beyond the normal knowledge of a young child. These factors were also cited in our direct appeal decision to affirm the admission of the Rule 804a statements. See *LaBounty*, 168 Vt. at 137-38, 716 A.2d at 7. Again, we conclude that the PCR court's decision was supported by its findings, which were in turn supported by the evidence.

¶ 14. Third, the PCR court found that no evidence was presented to demonstrate that deposing the victims would have resulted in a different outcome. On this point, the expert witnesses agreed, each faulting trial counsel for failing to conduct the depositions but testifying that they could not say with reasonable probability that conducting the depositions would have created a different result. Petitioner's expert witness concluded that trial counsel should have deposed the victims to determine whether, when separated from their mothers, they would have told the same story.[2] At this point, it is speculative whether inconsistencies would have developed. We find that the PCR court's conclusion is supported by the evidence and findings.

---

[2] Appeal counsel argues a different reason in his brief — to determine whether the young victims were competent to testify to meet the availability requirement of Rule 804a(a)(3). In fact, petitioner's own expert witness rejected that rationale, testifying that it was unlikely that the victims would have been found to be unavailable.

¶ 15. Finally, the court's findings in so far as they resolved the dispute between the expert witnesses and rejected petitioner's expert's additional grounds for finding ineffective assistance of counsel are supported. The PCR court could determine which expert opinion to accept. See *In re Grega*, 2003 VT 77, ¶ 8, 175 Vt. 631, 833 A.2d 872 (mem.).

*Affirmed.*