*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2011-136

DECEMBER TERM, 2011

| | |
|---|---|
| In re Dwight Tester | } APPEALED FROM: |
| | } |
| | } Superior Court, Windham Unit, |
| | } Civil Division |
| | } |
| | } |
| | } DOCKET NO. 209-4-08 Wmcv |

Trial Judge: John P. Wesley

In the above-entitled cause, the Clerk will enter:

Petitioner appeals the trial court's denial of his petition for post-conviction relief (PCR) based on a claim of ineffective assistance of counsel. On appeal, petitioner argues that the court erred in granting summary judgment because (1) his attorney's failure to consult an expert on child interview techniques was ineffective assistance per se in the circumstances of this case, and (2) there were material facts in dispute precluding summary judgment. We affirm.

In July 2003, following a jury trial, petitioner was convicted of aggravated sexual assault for acts committed against his minor daughter. At trial, the child victim's April 2003 statements to various adults, including an investigator from the Department of Children and Families (DCF) were admitted into evidence pursuant to Rule of Evidence 804a. Petitioner testified and denied the allegations. His main defense was that the child was lying. His conviction was upheld on appeal. State v. Tester, 2006 VT 24, 179 Vt. 627 (mem.). Petitioner filed a motion for a new trial, arguing that the State failed to disclose a recording of an interview of the minor victim and her sister conducted by DCF in December 2002 regarding petitioner's allegations that the victim's mother and her boyfriend abused the girls. On appeal, this Court affirmed the trial court's denial of petitioner's motion, concluding that because petitioner arranged the interview and knew of the allegations, he could have discovered the recording by due diligence. State v. Tester, 2007 VT 40, 181 Vt. 506.

Petitioner filed a PCR, claiming that he was denied effective assistance of counsel at trial. Petitioner claimed that counsel's representation was deficient because he failed to procure a copy of the December 2002 interview. In support, petitioner submitted a letter from a defense attorney expert, opining that trial counsel should have obtained a copy of the December 2002 interview and retained an expert on child interview techniques to review the interview. The

expert also explained that counsel should have located and deposed the victim's grandmother, who testified as a rebuttal witness for the State at trial.

The State filed for summary judgment, arguing that the December 2002 interview was not relevant, likely inadmissible at trial, and would not have affected the outcome of the trial. Similarly, the State argued that counsel's failure to depose the victim's grandmother was not deficient since she was not disclosed as a witness and petitioner did not demonstrate how a deposition would have affected the outcome at trial. The State also submitted an expert report that concluded that counsel's performance did not fall below accepted standards of practice.

Petitioner cross moved for summary judgment, claiming, for the first time, that counsel should have obtained an expert witness to review the questioning techniques used in the April 2003 interview. Also, petitioner argued that the December 2002 interview would have been a useful tool for undermining the victim's credibility.

The trial court granted summary judgment in favor of the State. The court noted that petitioner's assertions that his attorney mishandled the April 2003 interview and that the December 2002 interview would have aided in discrediting the victim's credibility were opinions not supported or addressed by petitioner's expert. Thus, the court concluded that there was no issue of material fact to be resolved between the two experts. As to the December 2002 interview, the court concluded that it was likely inadmissible and not relevant to the proceedings. The court concluded that petitioner failed to articulate what an expert analysis of the April 2003 interview would have yielded or how such an analysis would have affected the outcome of the trial. Similarly, the court concluded that petitioner had not demonstrated that counsel's failure to depose the victim's grandmother would have changed the verdict. Thus, the court granted the State's motion for summary judgment and dismissed petitioner's PCR. Petitioner appeals.

On appeal from summary judgment, this Court employs the same standard as the trial court. O'Donnell v. Bank of Vt., 166 Vt. 221, 224 (1997). Summary judgment will be granted when there are no genuine issues of material fact and a party is entitled to judgment as a matter of law. V.R.C.P. 56(c). An ineffective-assistance claim requires petitioner to "demonstrate first that counsel's performance fell below an objective standard of reasonableness informed by prevailing professional norms and second, that counsel's deficient performance prejudiced the defense." In re LaBounty, 2005 VT 6, ¶ 7, 177 Vt. 635 (mem.) (quotations omitted). Petitioner's burden of proving ineffective assistance "is a heavy one." In re Dunbar, 162 Vt. 209, 212 (1994). "Trial counsel are permitted a great deal of discretion in decisions regarding trial strategy, and even the failure of that strategy is not the standard by which a reviewing court will measure trial counsel's competence." Id. Assessing counsel's performance must be done without the benefit of hindsight and therefore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." In re Combs, 2011 VT 75, ¶ 10 (mem.) (quotation omitted).

On appeal, petitioner argues that his trial attorney's performance was ineffective because counsel failed to consult an expert on child interview techniques for the purpose of undermining the credibility of the complaining witness by demonstrating that the interview techniques improperly influenced the child's testimony. Relying on cases from the Second Circuit, petitioner argues that his attorney's failure to consult an expert in a case of child abuse resting on

2

the child victim's testimony was per se deficient representation.  See, e.g., Gersten v. Senkowski, 426 F.3d 588, 608 (2d Cir. 2005) (concluding that counsel provided ineffective assistance for failing to consult medical expert where such consultation would demonstrate sexual penetration did not occur); Pavel v. Hollins, 261 F.3d 210 (2d Cir. 2001).

Although petitioner presents an argument with respect to this point, he did not present any evidence on this issue.[*]  Petitioner's defense expert submission did not include any opinion to the effect that counsel's representation was inadequate insofar as he failed to consult an expert in connection with the April 2003 statements.  In fact, petitioner's expert did not raise any questions at all about counsel's approach to the April 2003 statements.  A lawyer's lack of care may be demonstrated without expert opinion in only "rare situations" where the performance was so deficient that a lay person could recognize it as such.  In re Grega, 2003 VT 77, ¶ 16, 175 Vt. 631 (mem.).  The asserted failure in this case does not rise to such a level.  At trial, petitioner's counsel diligently challenged the admission of the April 2003 statements and, on appeal, this Court affirmed the court's findings that the questions were not leading and the victim's statements exhibited indicia of reliability.  Tester, 2006 VT 24, ¶ 17.  Thus, there was no obvious deficiency in the interview techniques used and petitioner has failed to demonstrate that counsel's decision not to consult an expert on child questioning fell below the accepted level of practice.  In the absence of any evidence to support his theory, on which petitioner bears the ultimate burden of proof, In re Dunbar, 162 Vt. at 212, the trial court properly granted the State summary judgment on this issue.

Petitioner also contends that trial counsel's failure to engage an expert to scrutinize the December 2002 interview was ineffective and prejudiced him by precluding him from undermining the credibility of the victim.

Petitioner's exact arguments regarding the December 2002 interview are unclear, but seem to take two paths.  Petitioner first suggests that trial counsel was deficient for failing to enlist an expert to review the December 2002 interview.  In the context of our review for summary judgment, we accept as true the assertion of petitioner's expert that petitioner's trial counsel should have located this interview and had it reviewed by an expert in child interview techniques.  Even assuming, however, that such interview could have been admissible at trial, we agree with the trial court that petitioner has failed to make a prima facie showing that any expert opinion on the techniques used in the December 2002 interview could have impacted the outcome of his trial insofar as the victim made no allegation against petitioner in that interview.  Petitioner's alternate theory—that the December 2002 interview could have helped to impeach the victim's credibility—is not supported by expert opinion.  We conclude that this alleged error is not so obvious as to support ineffective assistance without expert testimony given the great uncertainty regarding the interview's legal relevance to and admissibility in petitioner's criminal proceeding.

Petitioner finally contends that summary judgment was not appropriate because there were disputed questions of fact raised by his expert's opinion.  Petitioner argues that the parties

_____

[*]    We reject the suggestion that the elements of an ineffective assistance claim— performance below the standard of care and prejudice—can be assumed in the absence of supporting evidence, and decline the invitation to adopt an across-the-board per se rule.

3

dispute whether petitioner's attorney failed to investigate the December 2002 interview, and whether the victim's statements were credible and reliable. We conclude that neither of these amounts to a dispute of "material fact." V.R.C.P. 56(c)(3). On the first point, it is irrelevant to the summary judgment decision whether petitioner's attorney actually did investigate the December 2002 interview. Even assuming petitioner's allegation that his attorney did not investigate the December 2002 interview, as explained above, petitioner has not made a prima facie evidentiary showing that such investigation would have altered the outcome of petitioner's trial. In addition, the credibility of the victim was not an issue of fact that the court decided for purposes of summary judgment. Instead, the court concluded that in the absence of evidence in the form of expert testimony to support petitioner's arguments, there were no genuine issues of material fact. Accordingly, summary judgment was appropriately granted.

Affirmed.

BY THE COURT:


_____
Paul L. Reiber, Chief Justice


_____
Brian L. Burgess, Associate Justice


_____
Beth Robinson, Associate Justice

4