*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

### ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-304

FEBRUARY TERM, 2014

| | |
|---|---|
| In re Wallace Nolen | } APPEALED FROM: |
| | } |
| | } Superior Court, Washington Unit, |
| | } Civil Division |
| | } |
| | } DOCKET NO. 100-2-11 Wncv |
| | |
| | Trial Judge: Robert R. Bent |

In the above-entitled cause, the Clerk will enter:

Petitioner appeals the trial court's grant of judgment to the State on his claim for post-conviction relief (PCR). Petitioner argues that the court erred in rejecting his claim for ineffective assistance of counsel. We affirm.

In March 2010, petitioner was convicted of three counts of negligent operation of a motor vehicle following a jury trial. Evidence at trial demonstrated that petitioner had on different days aggressively driven his vehicle toward the victim, a postal worker. Following his conviction, petitioner filed this PCR, alleging that he received ineffective assistance of counsel at trial. One of petitioner's claims was that his counsel was ineffective for failing to secure the testimony of his spouse, who he claimed witnessed the driving incidents. At the time of the criminal trial, she had left the marriage and was living in Texas.

There was a PCR trial. Petitioner was his own sole witness. Petitioner claimed that his counsel failed to secure a statement from his wife, who he alleged was with him during each incident. The State presented testimony from petitioner's trial counsel, who described his efforts to locate the wife. He stated that he telephoned the wife, and left a message. She telephoned back and left a message, and he attempted to reach her one more time. He made no further efforts to interview her or secure her presence at trial. On cross-examination, he answered that he had not attempted to subpoena the wife. The State also had an expert, who opined that petitioner's counsel had performed adequately. The expert explained that given that the wife had left her spouse and was not returning telephone calls, she likely did not have positive things to say.

At the hearing there was an exchange between the court and PCR counsel for petitioner regarding the efforts she made to obtain a statement from wife regarding the incidents. Counsel represented that she spoke to the wife, but the wife refused to sign an affidavit. Counsel also stated that she was unable to subpoena the wife for the PCR trial since it was a civil matter. The court suggested that counsel could have gone to Texas to take wife's deposition. Counsel requested a continuance to allow her to request permission to travel to Texas and take the

deposition. The court denied the continuance, noting that the case had already been pending for some time.

The court issued a written decision. The court found that trial counsel had violated his duty to investigate by failing to make reasonable efforts to interview petitioner's wife. Nonetheless, the court concluded that petitioner had failed to demonstrate that he was prejudiced by his counsel's action. The court did not credit petitioner's representation regarding what his wife would have said about the negligent driving. The court concluded that defendant failed to meet his burden of proof of demonstrating that if his counsel had successfully contacted his wife, she would have provided information that could have resulted in a different outcome at trial. Petitioner appeals.

To make a claim for ineffective assistance of counsel, a petitioner "must demonstrate first that counsel's performance fell below an objective standard of reasonableness informed by prevailing professional norms and second, that counsel's deficient performance prejudiced the defense." In re LaBounty, 2005 VT 6, ¶ 7, 177 Vt. 635 (mem.) (quotation omitted). Prejudice exists where "counsel's errors were so serious as to deprive the defendant of a fair trial . . . . In other words, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. (quotations, alternation and citation omitted).

On appeal, petitioner argues that he met his burden of demonstrating that his counsel's failure to interview his estranged wife prejudiced the outcome of the trial. The sole evidence of what information petitioner's wife would have provided was petitioner's statements at the PCR trial.[*] Petitioner testified that his wife was present during each of incidents, which formed the basis for his conviction. Although he did not make any specific offering as to what his wife would say regarding the incidents, his implication was that she would support his version of the events.

We will affirm the court's findings in a PCR proceeding "unless they involve clear error, and in the case of conflicting evidence, we will defer to the trial court's judgment." Id. The PCR court as factfinder has the discretion to determine the weight of the evidence and to judge the credibility of witnesses. See In re Calderon, 2003 VT 94, ¶ 13, 176 Vt. 532 (mem.).

Here, the court did not find credible petitioner's statements regarding what wife would say. There is no basis to reverse this credibility determination. Without petitioner's statement, there was no evidence to support petitioner's contention that the testimony of his wife, if available, would reasonably have produced a different outcome at trial. Therefore, the court did not err in concluding that petitioner had failed to meet his burden of demonstrating prejudice.

---

[*] Although petitioner's counsel made representations at the hearing that she had spoken to petitioner's estranged wife and that the wife recalled defendant splashing the victim by driving through the puddle, but the wife did not remember that defendant ran the car into the victim, these statements were unsworn and not evidence.

Petitioner also claims that the court erred in denying his motion to continue the hearing to allow his counsel an opportunity to seek permission to travel to Texas and depose wife. The trial court has discretion to deny or grant a continuance. Cameron v. Burke, 153 Vt. 565, 572-73 (1990). The court denied the motion, noting that the case had been pending for some time. This was within the court's discretion.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund , Associate Justice

3