*Note:  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2014-344

JULY TERM, 2015

In re Barry S. Babson                  }    APPEALED FROM:

}

}    Superior Court, Bennington Unit,

}    Civil Division

}

}    DOCKET NO. 471-12-07 Bncv

Trial Judge: John P. Wesley

In the above-entitled cause, the Clerk will enter:

Petitioner appeals the denial of his petition for post-conviction relief (PCR), in which petitioner claimed that he was denied effective assistance of counsel at trial.  On appeal, petitioner argues that the PCR court erred in concluding that as to one claim counsel's performance fell within acceptable standards of performance, and that as to another claim petitioner was not prejudiced by any shortcomings in trial counsel's performance.  We affirm.

In November 2004, following a jury trial, petitioner was convicted of aggravated sexual assault and sexual assault for acts committed against his minor step-daughter.  At trial, the victim testified that petitioner sexually assaulted her over a period of several months.  She testified that the assaults took place in the morning before school in her older sister's bedroom when her mother was sleeping and after her sister had left for school.  The victim's mother testified that she had confronted petitioner after her daughter disclosed the abuse to her, and that petitioner had initially denied the abuse.  During an ensuing argument, mother asked petitioner to leave and he stated, "Well, I did do it, is that what you want to hear, or I did touch them, is that what you want to hear?"  Following this exchange, mother secured an abuse-prevention order and wrote a letter to the editor of the local newspaper, saying that she hoped petitioner would get the help that he needed.  At trial, mother denied telling anyone that petitioner had confessed.  However, three additional State's witnesses testified that she had reported to them that petitioner had confessed to the crime.  Petitioner testified and denied the assaults.  He recounted the conversation with mother during the argument, and admitted making the statements as described by her, but denied it was a confession.

The State also presented testimony from Nancy Scattergood, M.D., a family physician who examined the victim.  She testified that there was no physical evidence of anal sex, but such absence did not mean it did not occur.  In response to the trial court's invitation to jurors to ask questions, one juror asked what the victim said to the doctor about why she was there.  Petitioner's trial attorney did not object to the trial court's posing the question to the witness.  When the doctor began to recount the victim's response, petitioner's trial attorney objected.  At a sidebar conference, the defense objected to the doctor paraphrasing the victim's statement and requested an instruction that the statement be read exactly.  The instruction was given and Dr.

Scattergood continued, recounting, "[the victim] said it started when they moved. He puts his private in her butt, sometimes inside, it hurts sometimes. There's no bleeding, never puts his private in her mouth. He did ejaculate, and the quotation is 'Liquid come out of his penis,' and the last time was about two weeks ago." The State highlighted some of this testimony in its closing argument.

Petitioner appealed to this Court, and we affirmed his convictions. State v. Babson, 2006 VT 96, 180 Vt. 602 (mem.). On direct appeal, petitioner argued that Dr. Scattergood's testimony recounting the victim's hearsay statements was inadmissible and the erroneous admission amounted to plain error. This Court concluded that the statements were impermissible hearsay, id. ¶ 9, but that there was no plain error because the admission was cumulative to the victim's testimony and did not "substantially affect" the verdict, given the overwhelming independent evidence of petitioner's guilt. Id. ¶¶ 10-11; see State v. Oscarson, 2004 VT 4, ¶ 27, 176 Vt. 176 ("Plain error exists only in exceptional circumstances where a failure to recognize error would result in a miscarriage of justice, or where there is glaring error so grave and serious that it strikes at the very heart of the defendant's constitutional rights." (quotation omitted)). This evidence included mother's account of petitioner's admission, mother's conduct following that exchange (which undermined the suggestion at trial that petitioner's statements were not really a confession), and the victim's own far more detailed testimony about the assaults.

In December 2007, petitioner filed a PCR petition. The petition as amended alleged that petitioner had been denied effective assistance of counsel. At trial, petitioner presented expert testimony in support of his claim. Although several theories were advanced by the expert, two general grounds emerged.

First, the expert opined that trial counsel's representation fell below the acceptable level of skill and competence because he failed to object to Dr. Scattergood's testimony. He testified that this testimony was harmful because it reiterated the victim's incriminating statements, and that it affected the outcome of the trial.

The PCR court concluded that the failure to make an effective objection to Dr. Scattergood's recitation of the victim's hearsay statements deviated from the standard of practice expected of a reasonably skilled defense attorney. The PCR court explained that the question was "plainly a solicitation of hearsay" and that the statements were inadmissible. Further, the PCR court stated that the objection made by trial counsel was not on hearsay grounds, and was therefore inadequate to raise this issue. Nonetheless, the court found that the failure to object did not have a substantial impact on the outcome of the proceeding for the same reasons that this Court previously concluded that admission of the testimony was not plain error—the testimony was cumulative of victim's more detailed testimony, and there was other substantial and compelling evidence of petitioner's guilt.

Second, petitioner's expert also asserted that counsel failed to provide effective assistance by failing to object to the admission of testimony from three witnesses for the State regarding whether petitioner had confessed to his wife. Although petitioner's wife testified that she had not told anyone that petitioner had confessed to her, the State presented testimony from three witnesses that petitioner's wife had admitted that petitioner had confessed to her.

The PCR court concluded that trial counsel's actions did not amount to ineffective assistance. The court noted that trial counsel did object to the testimony of one of the witnesses

2

on this point, and the trial court had overruled the objection. The court credited the testimony of defendant's trial counsel that there were valid tactical reasons not to object to the testimony of the other two witnesses. First, objections likely would have been overruled, given that the one objection defense counsel did make was overruled. Moreover, the witnesses' accounts were largely consistent with the theory of the defense—that petitioner made the statement in a sarcastic tone in the heat of the moment and not as a confession. Objecting to testimony that was essentially consistent with defendant's own theory and testimony might have caused the jury to further question petitioner's credibility. Therefore, the court concluded that trial counsel's decision not to object was within the realm of competent performance.

Petitioner appeals. On review from the denial of a PCR petition, this Court reviews the PCR court's findings for clear error, "and in the case of conflicting evidence, we will defer to the PCR court's judgment." In re LaBounty, 2005 VT 6, ¶ 7, 177 Vt. 635 (mem.). In order to prevail on an ineffective-assistance-of-counsel claim, a PCR petitioner must show "first that counsel's performance fell below an objective standard of reasonableness informed by prevailing professional norms and second, that counsel's deficient performance prejudiced the defense." Id. (citations omitted).

Petitioner argues that the trial court erred in analyzing both the lack of objection to Dr. Scattergood's testimony and the lack of objection to the State's three rebuttal witnesses. First, petitioner contends that the court erred in concluding that the admission of Dr. Scattergood's hearsay testimony did not prejudice the defense. Prejudice will be found when the petitioner demonstrates that " 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " Id. (quoting Strickland v. Washington, 466 U.S. 668, 694 (1984)). "In assessing prejudice for purposes of an ineffective-assistance-of-counsel claim, '[t]he likelihood of a different result must be substantial, not just conceivable.' " In re Allen, 2014 VT 53, ¶ 23 (quoting Harrington v. Richter, 562 U.S. 86, 112 (2011)). Petitioner alleges that without the reiteration of the victim's allegations through Dr. Scattergood, the case came down to a "classic swearing contest," and therefore an acquittal was much more likely.

As this Court explained in petitioner's direct appeal, Dr. Scattergood's recitation of the victim's allegations, although erroneously admitted, did not unduly prejudice the outcome of the trial. That testimony was cumulative to the victim's own account of petitioner's actions and "[t]he State's independent evidence of defendant's guilt overwhelms any effect the erroneous testimony may have had on the verdict." Further, other evidence of petitioner's guilt, including petitioner's statement to his wife, could have been construed as a confession by the jury. Therefore, the PCR court did not err in concluding that petitioner had failed to meet his burden of demonstrating that the error prejudiced the outcome of the trial.

Petitioner also argues that the PCR court erred in finding that counsel's decision not to object to the rebuttal testimony of three witnesses for the State was within an acceptable standard of care. To show that counsel's performance fell below an objective standard of performance, petitioner must overcome "the strong presumption that counsels' performance, absent the distorting effects of hindsight, fell within the wide range of reasonable assistance." In re Plante, 171 Vt. 310, 313 (2000).

3

According to petitioner, the testimony of the three witnesses was not admissible under Rules of Evidence 613(b) or 801(d)(1)(a) because the statements were consistent, were not properly sworn, and the State did not first confront mother with her statement. See V.R.E. 613(b) ("Extrinsic evidence of a prior inconsistent statement by a witness is not admissible unless the witness is afforded an opportunity to explain or deny the same"); V.R.E. 801(d)(1)(A) (providing that prior inconsistent statements made under oath are not hearsay). As the PCR court found, however, petitioner's expert eventually admitted at the PCR hearing that there was no basis for an objection under Rule 613(b) because under Rule 613(b) the prior statement need not be under oath, and the State had questioned mother about her conversation prior to calling the impeachment witnesses. Further, petitioner's attorney had objected to admission of one of the witnesses and was overruled.

In any event, whatever merit an objection might have had, the PCR court did not abuse its discretion in finding that there were credible tactical reasons for deciding not to object. "Trial counsel are permitted a great deal of discretion in decisions regarding trial strategy, and even the failure of that strategy is not the standard by which a reviewing court will measure trial counsel's competence." In re Dunbar, 162 Vt. 209, 212 (1994). Here, as the PCR court found, petitioner failed to meet his burden of demonstrating that his counsel's strategy was outside of the range of reasonable competence. Defense counsel could have reasonably determined that further objections would be overruled and not likely to advance petitioner's cause. The statements by the witnesses were essentially consistent with the defense theory of the case, which was that petitioner had indeed told his wife he did it, but that the statement was made sarcastically in the heat of an argument and not as a credible admission of guilt.

Affirmed.

BY THE COURT:

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice

4