Merrimack
No. 2009-425

THE STATE OF NEW HAMPSHIRE

v.

BRUCE HALL

Argued: May 4, 2010
Opinion Issued: July 23, 2010

*Michael A. Delaney*, attorney general (*James C. Vara*, attorney, on the brief and orally), for the State.

*Cohen & Winters, PLLC*, of Concord (*Andrew S. Winters* on the brief and orally), for the defendant.

HICKS, J. The defendant, Bruce Hall, appeals the Superior Court's (*Conboy*, J.) denial of his motion to vacate his sentence based upon ineffective assistance of counsel. We affirm.

The trial court found the following facts. On November 18, 2004, the defendant was indicted on five counts of aggravated felonious sexual assault against his six-year-old granddaughter. *See* RSA 632-A:2 (2007). Counsel met with the defendant to discuss his case, specifically whether he should plead guilty or go to trial. The defendant repeatedly asserted that he was unwilling to go to trial because he did not want his granddaughter to have to testify. Trial counsel explained the defendant's other options, including a negotiated plea, a capped plea, and a non-negotiated plea. She drew a diagram outlining the merits and consequences of each option, which the defendant took home. The defendant's primary concern was reducing the minimum sentence that he would be required to serve, asserting that he could not spend more than three to four years in prison.

Counsel attempted to negotiate a plea agreement with the State. The State's best offer was a capped plea with a recommendation of a seven and a half to twenty year sentence on each of the five counts with all sentences to run concurrently. Counsel explained the offer to the defendant, noting

that while it was possible to argue for a shorter/lesser sentence with a capped plea agreement, based upon her twenty-two years of experience as a criminal defense attorney, the presiding judge would likely impose the prosecutor's recommended sentence. Counsel further explained that the presiding judge would also likely require the defendant to waive sentence review under the capped plea agreement, leaving the defendant with no recourse if he were displeased with the sentence imposed. The defendant was unwilling to accept the capped plea agreement because he feared that he would not live long enough to complete the sentence. He was nearly sixty years old and in poor health. Trial counsel advised him that a sentence of less than seven and a half years was unlikely.

Alternatively, counsel informed the defendant that he could plead without any agreement and argue for a lesser sentence to the trial judge and later to the sentence review board. Counsel also advised the defendant of the risks involved with a non-negotiated plea, including the judge's right to impose a sentence in excess of the prosecutor's recommendation and the defendant's inability to withdraw the plea regardless of the sentence imposed. Counsel discussed the defendant's desire to pursue a non-negotiated plea with the prosecutor, who agreed not to increase his recommended sentence. The defendant entered a non-negotiated guilty plea to all charges.

At the sentencing hearing, counsel argued for a sentence of three to ten years based upon several mitigating factors: the defendant had no previous criminal record, had taken full responsibility for his actions, was nearly sixty years old and in poor health, suffered from mental health issues, and had fully complied with pre-trial services and counseling. In addition, the victim's mother had written a letter to the court asking for a "small" sentence and a pre-sentence investigation report filed by the probation and parole office recommended a five year minimum sentence. Ultimately, the court accepted the prosecutor's recommendation and sentenced the defendant to seven and a half to twenty years in the state prison on each of the five counts to run concurrently.

Soon after the sentencing hearing, trial counsel met with the defendant and reminded him of his right to seek sentence review. Counsel cautioned the defendant that the sentence review board could increase his sentence. Subsequently, she discussed with him the relative merits and risks of pursuing sentence review. She advised that he had a legitimate argument for a sentence reduction. In addition to the mitigating factors noted above, counsel discussed a specific case with similar facts and circumstances in which the review board had reduced a defendant's sentence of ten to twenty years to three and a half to ten years. Counsel left the decision whether to seek sentence review to the defendant. He chose to pursue it.

The sentence review board, however, found that the defendant's sentence was "grossly disproportionate to sentences imposed under similar circumstances." The board modified one of his concurrent seven and a half to twenty year sentences to run consecutive to the others, effectively doubling his sentence.

Subsequently, through new counsel, the defendant moved to vacate his sentence, contending that he was denied effective assistance of counsel. He argued that trial counsel should have persuaded him to accept the capped plea agreement and to forego sentence review. The trial court denied the motion, finding, in part, that trial counsel's representation was reasonable under the circumstances.

■ The defendant asserts that his counsel was ineffective under the State and Federal Constitutions. Both Part I, Article 15 of the State Constitution and the Sixth and Fourteenth Amendments to the Federal Constitution "guarantee a criminal defendant reasonably competent assistance of counsel." *State v. Sharkey*, 155 N.H. 638, 640 (2007); *see Strickland v. Washington*, 466 U.S. 668, 686 (1984). We first address the claims under the State Constitution, citing federal opinions for guidance only. *State v. Ball*, 124 N.H. 226, 231-33 (1983).

■ To prevail on his claim, the defendant must demonstrate, "first, that counsel's representation was constitutionally deficient and, second, that counsel's deficient performance actually prejudiced the outcome of the case." *State v. McGurk*, 157 N.H. 765, 769 (2008) (quotation omitted); *see Strickland*, 466 U.S. at 687.

■ To satisfy the first prong of the test, the performance prong, the defendant "must show that counsel's representation fell below an objective standard of reasonableness." *State v. Whittaker*, 158 N.H. 762, 768 (2009) (quotation omitted); *see Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (stating that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms). We judge the reasonableness of counsel's conduct based upon the facts and circumstances of that particular case, viewed from the time of that conduct. *Strickland*, 466 U.S. at 690. As we have previously stated:

Judicial scrutiny of counsel's performance must be highly deferential. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that

counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

*Whittaker*, 158 N.H. at 769 (quotations and citations omitted). In other words, the defendant must show that no competent lawyer, under the same circumstances, would have allowed him to enter a non-negotiated guilty plea or pursue sentence review to its conclusion without first actively trying to persuade him to take another course of action. *Id.*

Both the performance and prejudice prongs of the ineffectiveness inquiry are mixed questions of law and fact. *Id.* at 768. Therefore, we will not disturb the trial court's factual findings unless they are not supported by the evidence or are erroneous as a matter of law, and we review the ultimate determination of whether each prong is met *de novo*. *Id.*

▉ In the plea agreement context, "[p]rior to trial an accused is entitled to rely upon his counsel to make an independent examination of the facts, circumstances, pleadings and laws involved and then to offer his informed opinion as to what plea should be entered." *Von Moltke v. Gillies*, 332 U.S. 708, 721 (1948). Counsel must not only communicate the terms of the plea offer to his client, but also the relative merits of the offer as compared to the client's chances for success at trial. *State v. Bristol*, 618 A.2d 1290, 1292 (Vt. 1992). However, reasonable professional conduct does not, under all circumstances, require an attorney to provide an explicit opinion as to whether a client should accept a plea offer. *Purdy v. United States*, 208 F.3d 41, 45-46 (2d Cir. 2000).

The defendant first asserts that counsel's failure to actively persuade him to accept the capped plea offered by the prosecutor was unreasonable. The State counters that "the defendant's decision to enter a non-negotiated plea was a tactical decision based on sound advice," and that counsel was effective. We agree.

▉ Counsel discussed the defendant's options with him, providing a diagram to assure that he understood the risks and consequences of each. The defendant had refused to go to trial while insisting that he did not want to serve more than three years in prison. There may have been little chance of a sentence less than the prosecutor's recommendation of seven and a half to twenty years, but there were several legitimate mitigating factors to form the basis of an argument for a lesser sentence. Because trial counsel secured a promise from the prosecutor that he would not increase his sentencing recommendation for the non-negotiated plea, there was little risk that the defendant's sentence would be greater than with the capped

plea arrangement. The non-negotiated plea preserved the defendant's right to review by the sentence review board, whereas, had he entered a capped plea, the sentencing judge would likely have required him to waive his right to review.

■ It is the duty of trial counsel to protect the defendant's interest in sentence review when possible. *See* SUPER. CT. SENTENCE REV. DIV. R.1. Counsel fulfilled her duty to protect the defendant's right to sentence review with little risk to the defendant with the non-negotiated plea.

The defendant cites *Dasher v. Attorney General, Florida*, 574 F.3d 1310 (11th Cir. 2009), and *Ebron v. Commissioner of Correction*, 992 A.2d 1200 (Conn. App. 2010), in support of his contention that trial counsel should have actively tried to convince him to accept the capped plea arrangement. Given the starkly disparate facts in *Dasher* and *Ebron*, we find neither persuasive. In *Dasher*, counsel provided the defendant with advice deemed by the court to be a "piece of foolishness" based upon the circumstances. *Dasher*, 574 F.3d at 1317-18. In *Ebron*, counsel "mismanaged" the defendant's case and advised the defendant that the state's offer was "high" even though he had no defenses to the primary charges and faced a potential sentence more than triple the state's plea offer. *Ebron*, 992 A.2d at 1207-09. In both cases, the court found that there was ineffective assistance of counsel. *Dasher*, 574 F.3d at 1318; *Ebron*, 992 A.2d at 1209. Implicit in their holdings is a finding that there was only one reasonable course of action based upon the circumstances of each case and, therefore, failure to advise the client to pursue that course constituted ineffective assistance of counsel. *Dasher*, 574 F.3d at 1317; *Ebron* 992 A.2d at 1209. By contrast, here, trial counsel had a reasonable basis to advise the defendant that entering a non-negotiated plea was a viable option. Counsel also adequately informed the defendant of the risks of entering a non-negotiated guilty plea. The advice was reasonable and hardly a baseless "piece of foolishness." *Dasher*, 574 F.3d at 1317.

The defendant cites *Boria v. Keane* for the proposition that counsel must advise the defendant on what plea should be entered. *Boria v. Keane*, 99 F.3d 492 (2d Cir.), *clarified on other grounds on rehearing*, 90 F.3d 36 (2d Cir. 1996), *cert. denied*, 521 U.S. 1118 (1997). In *Boria*, trial counsel conveyed the state's one-to three-year plea offer to the defendant, but failed to advise the defendant of its merits, instead allowing the defendant to go to trial while knowing that trial would be "suicidal." *Boria*, 99 F.3d at 495. The defendant rejected the plea offer and was sentenced to twenty years to life in prison. *Id.* at 494-95. The Second Circuit Court of Appeals found that the defendant received ineffective assistance, reasoning that effective assistance of counsel includes counsel's informed opinion regarding how the

defendant should plead. *Id.* at 497. Four years later, however, the Second Circuit clarified *Boria*, recognizing that reasonable professional conduct does not under all circumstances require an attorney to provide an explicit opinion as to whether a client should take a plea. *Purdy*, 208 F.3d at 46. The court rejected the assertion that *Boria* created a *per se* rule that counsel must advise a client to plead guilty or not. *Id.* (stating that "[*p*]*er se* rules like the one [the defendant] advocates — and mistakenly reads into *Boria* — are not well calibrated to gauge the ineffective assistance of counsel").

Trial counsel's advice throughout the instant case reflected a reasonable exercise of strategic discretion. Accordingly, we need not address the prejudice prong of the ineffective assistance test. *See State v. Kepple*, 155 N.H. 267, 270 (2007).

■ The defendant next argues that counsel was ineffective for failing to strongly advise him not to pursue sentence review. Although the decision to pursue sentence review turned out be a poor choice for the defendant, we ignore the distorting effects of hindsight and evaluate the reasonableness of counsel's conduct at the time, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Whittaker*, 158 N.H. at 769. Counsel believed that the defendant had a legitimate argument to advance to the sentence review board in support of a reduced sentence. This included a letter asking for leniency from the victim's mother, a pre-sentence investigation report that recommended a lighter sentence, and several mitigating factors including the defendant's age, poor health, and mental illness. In addition, counsel previously had a similar case in which the sentence review board reduced a defendant's sentence. All of these factors add up to a reasonable basis for the advice given.

Furthermore, trial counsel was under no obligation to aggressively pursue a particular strategy with the defendant. *See Bristol*, 618 A.2d at 1292 (holding that effective assistance of counsel did not require counsel to aggressively pursue a rejected plea agreement as long as the defendant knew of the agreement and was adequately informed of its terms). Trial counsel informed the defendant of the risks and benefits related to sentence review and urged him to weigh the potential benefits against the level of risk that he was willing to accept. Ultimately, it was the defendant who decided to pursue sentence review because he was focused primarily upon reducing his minimum sentence.

Because we hold that trial counsel's advice in regard to the decision to pursue sentence review was reasonable under the circumstances, we need not address the prejudice prong of the ineffective assistance test. *See Kepple*, 155 N.H. at 270.

Because the standard for determining whether a defendant has received ineffective assistance of counsel is the same under both the State and Federal Constitutions, we reach the same result under the Federal Constitution as we do under the State Constitution. *Whittaker*, 158 N.H. at 768.

*Affirmed.*

BRODERICK, C.J., and DALIANIS and DUGGAN, JJ., concurred.