**Abatement Order filed March 17, 2020**



In The

# Fourteenth Court of Appeals

## NO. 14-18-00601-CR

**KENDRICK DWAYNE WALKER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 338th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1520109**

## ABATEMENT ORDER

A jury convicted appellant of aggravated assault against a family member, and the trial court sentenced him to twenty-five years' imprisonment. Appellant challenges his conviction on appeal, including multiple allegations of ineffective assistance of counsel. In the trial court, appellant filed a motion for new trial with affidavits, alleging that his trial counsel failed to show him critical inculpatory evidence—a recording of the complainant's 911 call—and to advise about its admissibility before appellant rejected a favorable plea deal. Appellant contends

that he would have accepted the plea deal if he had been advised of the State's evidence. We hold that appellant has alleged facts showing reasonable grounds to believe that he could prevail under both prongs of the *Strickland*[1] test for ineffective assistance of counsel. Thus, the trial court erred by not holding a hearing on the motion. We abate the case and remand with instructions for the trial court to hold a hearing on appellant's motion for new trial.

## BACKGROUND

Appellant was indicted for aggravated assault against a family member. The State's evidence included the testimony of an officer who responded to the scene, the testimony of an arresting officer, pictures of the complainant's injuries, her medical records, and a recording of her 911 call. The complainant did not testify.

The first piece of evidence that the State presented to the jury was the recording of the complainant's 911 call. In it, she identified herself and stated that she was hit with a pistol and knife across her head. She identified appellant as the person who assaulted her.

The first officer testified that he responded to the scene within a few minutes of the 911 call, and it "looked like [the complainant] had been through a war zone." She had a large gash over one of her eyes and other injuries to her neck. The officer testified, without objection, that the complainant told the officer that appellant hit her with a gun and cut her with a knife. The officer also testified, without objection, that appellant's son said he saw appellant leave the house with a knife.

The second officer testified that she arrested appellant four months later based on a warrant for the aggravated assault. She testified, without objection, that

---

[1] *Strickland v. Washington*, 466 U.S. 668 (1984).

2

at the time of his arrest, appellant possessed illegal contraband, i.e., Xanax, which was an arrestable offense in Texas.

During closing arguments, the State encouraged the jury to convict appellant based on the 911 call. Noting the complainant's absence from trial, the State argued, for example, "The 911 tape and these photos are her story and they do not lie." During deliberations, the jury asked to review the 911 call, among other evidence. The jury found appellant guilty, and the trial court assessed punishment at twenty-five years' imprisonment—the minimum for a habitual offender like appellant. *See* Tex. Penal Code § 12.42(d).

Appellant, with new counsel, filed a motion for new trial supported by affidavits from appellant and an experienced criminal defense lawyer. As one of several grounds for a new trial, appellant alleged ineffective assistance based on trial counsel's failure to advise appellant about plea bargaining.[2] Appellant alleged that his trial counsel informed him about a pre-trial plea offer for five years' imprisonment. But, appellant alleged that trial counsel rendered ineffective assistance by not playing the 911 call for appellant or informing appellant that the call likely would be admissible and sufficient to support a guilty verdict.

Appellant testified in his affidavit, among other things:

> [Trial counsel] told me the State had the 911 tape. He did not
> bring it for me to listen to and he did not tell me it would be

---

[2] Appellant also alleged ineffective assistance based on trial counsel's failure to (1) impeach the complainant's out-of-court statements with several convictions for theft and forgery; (2) subpoena appellant's brother and request a continuance when the brother was late to court and thus could not provide exculpatory testimony; and (3) investigate the complainant's mental health history based on public records showing that she had been appointed special mental health counsel for several of her prior offenses. Appellant alleged a *Brady* violation based on the State's failure to disclose the complainant's mental health history. *See Brady v. Maryland*, 373 U.S. 83 (1963).

3

admissible at trial. The first time I heard the tape was when it was played before the jury.

Prior to trial, I was offered a plea bargain for five years in prison. On the day of trial, I was offered a plea bargain for 15 years. [Trial counsel] never recommended that I take either plea offer and he did not advise me that if I went to trial I likely would be convicted. If I had heard the 911 tape and knew it could be admitted into evidence, I would have taken the first plea offer.

The other affiant was a criminal defense lawyer with thirty-five years of experience and a former president of the Harris County Criminal Lawyers Association. He testified that he was asked the following question, and he provided his answer:

**Question No. 5**: If you have a copy of a complainant's 911 call prior to trial and during the plea bargaining process, would you arrange for the defendant to listen to the tape and, if so, why?

**Answer**: I would make whatever arrangements were necessary for the defendant to listen to the tape recording of the complainant's 911 call. I also would inform the client that the tape likely was admissible as evidence and standing alone, it was sufficient evidence for a jury to convict him. It would make the defendant aware of the State's key evidence and aid him in deciding whether to accept a plea offer. There can be no rational reason not to play the tape for the client and to explain its ramifications to him.

In my opinion, failure to play the tape for the client and to explain its ramifications, including its likely admissibility at trial, falls below the standard of competence for criminal defense lawyers in Harris County.

In the motion, appellant asked the court to conduct a hearing. The trial court did not hold a hearing or rule on the motion, so it was denied by operation of law. *See* Tex. R. App. P. 21.8(c). On appeal, before any briefs were filed, this court denied appellant's motion to abate for a hearing on the motion for new trial without prejudice to appellant re-urging the motion after appellate briefing was

4

complete. *See Walker v. State*, 577 S.W.3d 279, 280 (Tex. App.—Houston [14th Dist.] 2019, order).

**ANALYSIS**

In his first issue, appellant contends that the trial court erred by failing to hold a hearing on his motion for new trial for three of the grounds urged in the motion, including the failure of trial counsel to properly advise appellant during plea bargaining. We address only this ground because it is meritorious and entitles him to the same relief—abatement and remand for an evidentiary hearing—as his other grounds. *See* Tex. R. App. P. 47.1.[3]

## A. Legal Principles and Standard of Review

A defendant does not have an absolute right to a hearing on a motion for new trial. *See Hobbs v. State*, 298 S.W.3d 193, 199 (Tex. Crim. App. 2009). But a trial court abuses its discretion by failing to hold a hearing if the motion and accompanying affidavits (1) raise matters which are not determinable from the record and (2) establish reasonable grounds showing that the defendant could potentially be entitled to relief. *Id.* The second requirement prevents "fishing expeditions." *Id.*

The motion must be supported by an affidavit specifically setting out the factual basis for the claim. *Id.* The defendant need not plead a prima facie case for relief. *Id.* at 199–200. The defendant need not set out every component legally

---

[3] Appellant also alleges that he is entitled to a new trial for a *Brady* violation and for ineffective assistance of counsel based on alleged deficiencies not identified in the motion: (1) failure to object to the authentication of the 911 recording; (2) failure to make a Confrontation Clause objection to the first officer's testimony about statements made to him; and (3) failure to object to the extraneous offense of appellant's possession of Xanax four months after the assault. Because the trial court could grant a new trial on remand and moot these issues, or evidence related to these issues might be introduced at the hearing, we decline to address them at this stage.

required to establish relief. *Id.* at 201. Yet, the defendant must at least allege sufficient facts that show reasonable grounds to demonstrate that he could prevail. *Id.* at 199–200.

To prevail on a claim of ineffective assistance, a defendant must show that (1) counsel's performance was deficient by falling below an objective standard of reasonableness and (2) counsel's deficiency caused the defendant prejudice—there is a probability sufficient to undermine confidence in the outcome that but for counsel's errors, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984); *Perez v. State*, 310 S.W.3d 890, 892–93 (Tex. Crim. App. 2010). Before a defendant is entitled to a hearing on a motion for new trial alleging ineffective assistance, the defendant must allege sufficient facts from which a trial court reasonably could conclude both that (1) counsel failed to act as a reasonably competent attorney and, (2) but for counsel's failure, there is a reasonable likelihood that the outcome of the proceeding would have been different. *Smith v. State*, 286 S.W.3d 333, 340–41 (Tex. Crim. App. 2009).

## B. Not Determinable from the Record

Generally, the record will not be sufficient on direct review to show that counsel's representation was so deficient as to satisfy the first *Strickland* prong because the reasonableness of counsel's choices often involves facts that do not appear in the record. *See id.* at 341. As in *Smith*, the State in this case does not argue that appellant's claim of ineffective assistance is determinable from the record. *See id.* at 341 n.31. As in *Smith*, we conclude that whether counsel's alleged failures show a deficiency that prejudiced appellant is not determinable from the record. *See id.* at 341.

## C.  Reasonable Grounds for Deficient Performance

"The decision whether to plead guilty or contest a criminal charge is ordinarily the most important single decision in any criminal case." *Boria v. Keane*, 99 F.3d 492, 496–97 (2d Cir. 1996) (quotation omitted); *see also Missouri v. Frye*, 566 U.S. 134, 143 (2012) (noting that 94% of state convictions are the result of guilty pleas). Accordingly, defendants are entitled to effective assistance of counsel during plea negotiations. *Lafler v. Cooper*, 566 U.S. 156, 162 (2012); *see also Frye*, 566 U.S. at 144 (requiring effective representation during plea negotiations because anything less "might deny a defendant effective representation by counsel at the only stage when legal aid and advice would help him" (quotations omitted)). Counsel has a clear duty to convey plea offers to the defendant. *See, e.g.*, *Frye*, 566 U.S. at 145; *Ex parte Wilson*, 724 S.W.2d 72, 74 (Tex. Crim. App. 1987).

But counsel must do more than be a messenger. Counsel must give the defendant the benefit of counsel's professional advice on the crucial decision of whether to plead guilty. *Purdy v. United States*, 208 F.3d 41, 44 (2d Cir. 2000); *see also Lafler*, 566 U.S. at 168 ("If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it."); *accord Barlow v. Commn'r of Correction*, 93 A.3d 165, 175–76 (Conn. App. 2014); *State v. Hall*, 8 A.3d 12, 16 (N.H. 2010); *Commonwealth v. Copeland*, 554 A.2d 54, 60–61 (Pa. Super Ct. 1988); *State v. Bristol*, 618 A.2d 1290, 1292 (Vt. 1992).

Counsel has a duty to advise the defendant fully on whether a particular plea to a charge appears to be desirable. *Ex parte Wilson*, 724 S.W.2d at 73–74; *see Martinez v. State*, 74 S.W.3d 19, 20–22 (Tex. Crim. App. 2002) (remanding for hearing on motion for new trial when the defendant alleged that counsel did not

timely convey a plea offer or discuss the "pros and cons of going to trial"); *accord Boria*, 99 F.3d at 496. This does not mean that counsel must, under all circumstances, give an explicit opinion as to whether a defendant should take a plea offer. *Purdy*, 208 F.3d at 48. The ultimate decision about whether to plead guilty is made by the defendant. *Id.* at 45; *see also Ex parte Wilson*, 724 S.W.2d at 74. But, in advising a defendant about the desirability of a plea, counsel "should usually inform the defendant of the strengths and weaknesses of the case against him." *Purdy*, 208 F.3d at 45; *see also State v. James*, 739 P.2d 1161, 1167 (Wash. App. 1987); *cf. Brady v. United States*, 397 U.S. 742, 756 (1970) ("Often the decision to plead guilty is heavily influenced by the defendant's appraisal of the prosecution's case against him . . . ."). *Compare Jones v. Murray*, 947 F.2d 1106, 1110–11 (4th Cir. 1991) (no deficient performance during plea negotiations when counsel reviewed with the defendant the evidence against him and discussed the strengths and weaknesses of the prosecution's case), *with Boria*, 99 F.3d at 495–97 & n.4 (ineffective assistance because counsel failed to advise the defendant about whether to accept a plea deal although counsel personally thought it was "suicidal" to go to trial).

"An attorney's responsibility is to investigate and to evaluate his client's options in the course of the subject legal proceedings and then to advise the client as to the merits of each." *Stano v. Dugger*, 921 F.2d 1125, 1151 (11th Cir. 1991); *see also Ex parte Wilson*, 724 S.W.2d at 74 (noting, in the context of plea offers, that counsel "should exert his best efforts to insure that decisions of his client are made only after the client has been informed of relevant considerations" (quotation omitted)). Counsel must provide the defendant with an understanding of the law in relation to the facts, so the defendant may make an informed and conscious choice between accepting the State's offer and going to trial. *Stano*, 921 F.2d at 1151.

According to appellant's affidavit, his trial counsel mentioned the existence of a recording of the complainant's 911 call, but counsel did not provide appellant a preview the crucial evidence before trial. Counsel did not advise that the recording would be admissible, as such recordings often are. Counsel did not advise appellant to accept a plea offer or tell appellant that he likely would be convicted at trial. Appellant also adduced testimony from an experienced criminal defense lawyer that there is no reasonable explanation for not playing the recording for a client when the recording is "key evidence" against him.

As the State points out, appellant's affidavit does not address every factual consideration, such as what exactly was discussed about the 911 recording, whether counsel misrepresented any of the contents of the recording, or whether counsel advised appellant about the importance of the recording. In the affidavit appellant does not state that counsel failed in all respects to discuss the strengths and weaknesses of the State's case, nor does appellant address whether counsel advised appellant to reject the plea offer. But appellant's burden to obtain a hearing is only to allege facts sufficient to establish reasonable grounds that the defendant "could potentially be entitled to relief." *See Hobbs*, 298 S.W.3d at 199. Appellant's motion and the attached affidavits show that he has met this burden, and he is not engaged in a "fishing expedition." *See id.*; *see also Martinez*, 74 S.W.3d at 22 (holding that the appellant was entitled to a hearing on his motion for new trial when he alleged that counsel failed to communicate a plea offer in a timely manner and that counsel failed to inform him of the pros and cons of going to trial before the offer expired).

Appellant's contention that counsel provided inadequate advice during plea negotiations—by not showing appellant key inculpatory evidence and addressing its potential admissibility—amounts to sufficient facts that show reasonable

9

grounds to demonstrate that appellant could prevail on the first prong of the *Strickland* test.

**D.    Reasonable Grounds for Prejudice**

To show prejudice from counsel's deficient performance that results in the defendant's rejection of a plea offer, a defendant must show a reasonable probability that: (1) he would have accepted the earlier offer if counsel had not been deficient; (2) the State would not have withdrawn the offer; and (3) the trial court would not have refused to accept the plea bargain.  *See Ex parte Argent*, 393 S.W.3d 781, 784 (Tex. Crim. App. 2013).

Appellant testified that he would have accepted the State's plea offer if he had heard the 911 recording and knew that it could be admissible.  And, the plea offer of five years' imprisonment was substantially lower than the statutory minimum of twenty-five years' imprisonment that appellant faced by going to trial. *See United States v. Gordon*, 156 F.3d 376, 381 (2d Cir. 1998) (holding that a large disparity between a plea offer and the maximum sentencing exposure under federal guidelines was objective evidence that, when combined with the appellant's self-serving statement that he would have accepted a plea offer, supported the trial court's finding of prejudice).  The State does not contend that appellant was required to support his motion for new trial with affirmative evidence regarding whether the State would have withdrawn the offer or the trial court would have accepted it.  Indeed, these matters can be more fully developed at a hearing.  *See Martinez*, 74 S.W.3d at 22 (reasoning, when alleged deficiency involved counsel's failure to timely convey plea offer and discuss the pros and cons of going to trial, that the amount of time the plea offer remained available for acceptance was "among the factual matters that should be fully developed at a hearing"); *cf. Rodriguez v. State*, 470 S.W.3d 823, 828–29 (Tex. Crim. App. 2015) (holding that

the defendant was prejudiced by counsel's deficient performance during pre-trial plea bargaining; reasoning that "[t]he State likely would not have withdrawn the plea because the record shows that there may have been difficulties getting the victims to testify at the time of trial" and "there is nothing in the record to indicate that the trial judge would have rejected the agreement had it been presented to her prior to the trial").

Appellant's contention that he would have accepted a more favorable plea deal if he had been properly advised during plea negotiations amounts to sufficient facts that show reasonable grounds to demonstrate that appellant could prevail on the second prong of the *Strickland* test.

## CONCLUSION

Appellant was entitled to a hearing on his motion for new trial, so we sustain his first issue. We abate this appeal and remand to the trial court to conduct a hearing on appellant's motion for new trial on or before May 18, 2020. *See Martinez*, 74 S.W.3d at 22. The judge shall see that a record of the hearing is made and shall order the court reporter and the trial clerk to forward a transcribed record of the hearing and a supplemental clerk's record containing the trial court's signed order ruling on the motion for new trial. Those records shall be filed with the clerk of this court on or before June 15, 2020.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the supplemental reporter's and clerk's records are filed. The court also will consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this court's order. If the parties do not request a

11

hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of the date and time of the hearing.


PER CURIAM


Panel consists of Chief Justice Frost and Justices Wise and Hassan.

Publish — Tex. R. App. P. 47.2(b).